Bonnell vs. Jacobs.

---

## BONNELL VS. JACOBS.

| 36 | 59 |
| 102 | 96 |

PLEADING AND PRACTICE. (1–3) *When defendant has the affirmative, and is entitled to open and close.* (4) *Whether refusal of opening and close to the proper party is fatal error.*

WARRANTY OF CHATTELS. (5, 6) *Rights of warrantee. When notice to warrantor, of defect, not required.*

36    59
a106 289

36        59
61 LRA 541n
61 LRA 561n

1. An answer which *does not controvert* any of the material allegations of the complaint, admits them. R. S., ch. 125, sec. 31.
2. Where such an answer sets up a counterclaim, which is controverted by the reply, the only issue is upon the counterclaim, and the defendant is entitled to open and close the argument to the jury; and this right will not be affected by the fact that another issue is made by the reply.

3. Action on an account for goods sold by plaintiff to defendant. The answer, without denying any material allegation of the complaint, set up a counterclaim for an alleged breach of warranty in a sale, by plaintiff to defendant, of a furnace. Reply: (1) A general denial. (2) That the contract of warranty was afterwards waived, and a new and different contract made by the parties. *Held*, that defendant had the affirmative of the issue, and was entitled to open and close.

4. Whether the refusal of the court to allow defendant the opening and close was an error injurious to him, and sufficient under the circumstances of this case, to work a reversal of the judgment, on his appeal, is not decided.

5. The law is well settled in this state, that " in case of a warranty, direct or implied, where the article purchased proves defective or unfit for the use intended, the purchaser, without returning or offering to return it, and without notifying the vendor of the defects, may bring his action for the recovery of damages, or, if sued for the price," may recoup damages for such breach. *Fisk v. Tank*, 12 Wis., 302, and other cases in this court.

6. Where the warranty alleged was, that a furnace sold to defendant and put up in his dwelling house by plaintiff, "would work efficiently, and properly heat such dwelling house," the jury were instructed, that if there was any defect in the furnace, it was defendant's duty to notify plaintiff that it was defective, and that he should come and perfect it or take it away within a reasonable time; and that if the defendant kept the furnace without giving such notice, he thereby waived any claim for the defect. *Held*, error.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover the amount of an account for goods sold by the plaintiff to the defendant. The answer contained no denial of any of the material allegations of the complaint, but was solely a counterclaim for damages for the breach of an alleged warranty of a furnace theretofore sold by the plaintiff to the defendant. It is averred in the answer, that the plaintiff agreed to superintend the setting of the furnace in the dwelling house of the defendant (then being erected), and undertook and warranted that such furnace " would work efficiently, and properly heat the said dwelling house." The breach assigned is, that the furnace entirely failed to do so. The plaintiff replied to such counterclaim, 1. A general denial; and 2.

Bonnell vs. Jacobs.

That the contract of warranty was afterwards "varied, waived or modified," and a new and different contract, set out in the reply, made by the parties.

When the cause was called for trial, the defendant claimed that he held the affirmative of the issue, and was entitled to open and close the argument to the jury; but the court over-ruled such claim. On the trial, a written agreement, signed by the plaintiff, which contained the above warranty, was read in evidence. The defendant also introduced testimony tending to show a breach of such warranty, and the damages resulting therefrom. Testimony given on behalf of the plaintiff tended to prove the specific allegations of the reply, and also that the latter had received no notice from the defendant that the furnace was defective, and no request to perfect it or take it away. The instructions to the jury are sufficiently stated in the opinion. The jury returned a verdict for the plaintiff for the full amount of his claim. A motion for a new trial was denied, and judgment was entered on the verdict. The defendant appealed.

*Cotzhausen, Sylvester & Scheiber*, for appellant:

1. The appellant was improperly denied the right to open and close the case to the jury. Sec. 31, ch. 125, R. S.; *Marshall v. American Exp. Co.*, 7 Wis., 19. 2. The court erroneously charged the jury, that, notwithstanding the warranty, the defendant could not recover damages if the plaintiff had nothing to do with the construction of the flues in the house, and the failure of the furnace was attributable to defects in the flues. 3. The court erred in charging the jury, that it was the duty of the appellant to give the respondent notice of the defect. The contrary doctrine is definitely settled in this state. *Getty v. Rountree*, 2 Chand., 28; *Fisk v. Tank*, 12 Wis., 302.

*J. J. Orton*, for respondent:

1. The court properly denied the defendant's motion for the opening. Voorhees' Code, sec. 258. This was in the discre-

tion of the court. *Marshall v. Express Co.*, 7 Wis., 1 ; *Central Bank v. St. John*, 17 id., 157. 2. The instruction as to notice was correct. 1 Parsons on Con., 593, and cases cited ; *Milner v. Tucker*, 1 Carr. & P., 15 ; *Cash v. Giles*, 3 id., 407 ; *Boothby v. Scales*, 27 Wis., 627–636 ; *Barton v. Kane*, 17 id., 44 ; *S. C.*, 18 id., 264 ; *Reed v. Randall*, 29 N. Y., 358.

LYON, J.   The answer does not controvert any of the material allegations of the complaint, and hence it admits those allegations to be true. R. S., ch. 125, sec. 31 (Tay. Stats., 1444, § 33). Had no evidence been given in the case, the plaintiff would have been entitled, on the pleadings, to judgment for the sum demanded in the complaint. The issue which was tried was made upon the counterclaim of the defendant, and is entirely independent of the cause of action stated in the complaint. The affirmative of such issue was with the defendant. And it is very clear that he should have been allowed to open and close the argument to the jury. His right to do so is not affected by the fact that another issue was made by the reply. But we do not find it necessary to determine whether the refusal of the court to allow him that privilege or right was an error injurious to the defendant, and sufficient, under the circumstances of the case, to work a reversal of the judgment, for the reason that we think the record discloses another error which is necessarily fatal to the judgment.

The learned circuit judge instructed the jury (among other things) as follows : "So if you find from the evidence in this case that there was any defect in the machine itself, it would have been the duty of the defendant in this case to give *Mr. Bonnell* notice that the furnace was defective and to come there and perfect it, or take it away within a reasonable time. If he did not give such notice, and kept it, he would be deemed in the law to have waived any claim for the defect." To this instruction the defendant excepted.

The instruction is erroneous. The law is well settled in this

state, by repeated adjudications of this court, that "in case of a warranty, direct or implied, where the article purchased proves defective or unfit for the use intended, the purchaser may, *without returning or offering to return it, and without notifying the vendor of its defects,* bring his action for the recovery of damages, or, if sued for the price, may set up and have such damages allowed to him by way of recoupment from the sum stipulated to be paid." *Fisk v. Tank,* 12 Wis., 302; *Getty v. Rountree,* 2 Pinney, 379 (2 Chand., 28); *Ketchum v. Wells,* 19 Wis., 75; *Boothby v. Scales,* 27 id. (626), 638. The rule thus established is conclusive of this case, and any discussion of it here is unnecessary, and would be quite unjustifiable.

*By the Court.* — The judgment is reversed, and a new trial awarded.