## Locke vs. Williamson and another.

SALE OF GOODS:   *When vendee cannot recoup damages for defects.*

Where the purchaser of goods, with full knowledge, or with full opportunity
for examination and knowledge of their defects, which are *patent*, and
of the fact that the place of delivery is not that required by the contract,
takes possession without notifying the vendor, at the time of receiving
them, or within a reasonable time thereafter, that they are not accepted
as fulfilling the contract, he cannot recoup damages for such defects or
failure, in an action for the contract price.

APPEAL from the Circuit Court for *Winnebago* County.
The following statement of the case was originally prepared
by Mr. Justice COLE as a part of his opinion herein:

"The action was upon a contract for the sale and delivery of
wood, and the material facts bearing upon the point to be con-
sidered are these:   In October, 1872, the plaintiff agreed to
sell 500 cords of good, sound, body hickory and rock-maple
wood for $2.50 per cord; and 300 cords of good sound, body
white oak, white maple and white ash wood for $2 per cord,
to be delivered on or before the 1st day of April, 1873, on the
plaintiff's dock in the village of Tuston on Lake Paygun, or
on the bank of Lake Paygun at a good and convenient place
for loading boats, and where it would not require more than
one hundred feet wheeling to load the wood on the boats.
Some of the wood delivered was not of the quality specified in
the contract, and a portion was piled so as to require more
than one hundred feet of wheeling to load it.   It is found
that while the defendants were boating the wood away, they
frequently called plaintiff's notice to the fact that a portion of
the wood was of an inferior quality, and was not piled within
the proper distance for loading.   Still it appears that the de-
fendants, with full knowledge of the inferior quality of the
wood and of the place at which it was delivered, received the
wood and transported it away, making no claim for damages

until about three months after all the wood had been taken into their possession and partly paid for. The court found that the defendants sustained damage by reason of the inferior quality of the wood, and in consequence of its being piled at a greater distance than one hundred feet from the place of loading, to an amount greater than the sum due the plaintiff, but held that they were not entitled to recoup damages in the action."

The defendants appealed from the judgment.

For the appellants a brief was filed by *Jackson & Halsey*, and the oral argument was by *H. B. Jackson*. To the point that they were entitled to recoup damages for plaintiff's breaches of his contract, the following authorities were cited: *Ives v. Van Epps*, 22 Wend., 155; 4 id., 480, 490–494; 8 id., 109, 115; *Kellogg v. Denslow*, 14 Conn., 411; *Getty v. Rountree*, 2 Chand., 28; *Fisk v. Tank*, 12 Wis., 276; *Ketchum v. Wells*, 19 id., 25; *Boothby v. Scales*, 27 id., 626; *Bonnell v. Jacobs*, 36 id., 59; Benjamin on Sales, §§ 894, 897, 898, 901; 9 Barn. & Cress., 259; 43 Vt., 510.

*D. J. Parkinson*, for the respondent:

This contract is entirely different from that class of contracts (as for building a house, or for the sale of machinery or of articles for a specific purpose, or for manufacture), where a refusal to accept is nearly impossible. In the case of contracts like that at bar, where the property, before delivery, is inspected by the buyer without any notice, or offer to rescind the contract, or refusal to accept the property as not of the quality bought, he must pay the full price. 20 N. Y., 358; 45 id., 265; 37 Barb., 252, 638; 52 id., 132; 43 Vt., 410; 6 Mo., 407. Upon a sale of this kind of property, where the purchaser has an opportunity for inspection, payment after knowledge of the defect is a *waiver*, and the defense of mistake is never allowed. 57 Barb., 313; 19 Wis., 32.

Cole, J. The main question in this case is, whether the

Locke vs. Williamson and another.

facts found by the learned circuit judge support his conclusions of law.

This was an executory contract. The wood to be delivered was of a particular kind and quality. It was to be piled at a convenient place and within the requisite distance for loading. The defendants might insist upon these conditions in the contract, and refuse to accept the wood unless they were complied with. But if an inferior article of wood was delivered, the defects of which were perfectly patent and obvious to the senses, where the defendants had full opportunity for examination before acceptance, but they neither did nor said anything which would inform the plaintiff that they did not accept the wood as fulfilling the warranty, what then are their rights? Can they, when sued for the contract price, insist that the wood delivered was of an inferior quality, or was not piled at the place where it should have been, and recoup their damages for these breaches of the contract? It seems to us the defendants are not in a position to claim the benefit of such a defense. If the defendants had had no opportunity to examine the wood before removing it, or if the defects were latent, such as could be discovered only after a trial, then a different rule might well obtain. But such is not the case. Here the defects were obvious and conspicuous, the defendants receiving the wood with full knowledge of its inferior quality and of the place at which it was delivered, without any notice to the plaintiff that it was not satisfactory and would not be accepted as fulfilling the terms of the warranty. Under these circumstances, had not the plaintiff the right to assume from their silence that they accepted the wood as a substantial compliance with the contract, and waived all objection that it was not piled at the proper place? It seems to us the plaintiff had the right so to assume from the conduct of the defendants. We have therefore concluded to hold this rule in respect to an executory contract: that when the defects in the goods are patent and obvious to the senses,

when the purchaser has a full opportunity for examination, and knows of such defects, he must, either when he receives the goods, or within what under the circumstances is a reasonable time thereafter, notify the seller that the goods are not accepted as fulfilling the warranty; otherwise the defects will be deemed waived. This rule may be in conflict with some doctrine found in the books, but we are not aware that it is really in conflict with any case decided by this court. *Ketchum v. Wells*, 19 Wis., 26, is probably as strong a case as can be found in our reports to sustain the right of the defendants to recoup their damages; but the facts of that case distinguish it from the one before us. There the defendants claimed a reduction from the contract price in consequence of defects in the bolts received and used by them in stocking their mill. The court below ruled that the quality of the bolts taken away by the defendants could not enter into the consideration of the case, and that the defendants could not, under the answer, recover damages by way of recoupment for a breach of warranty as to their quality. Upon this point this court said: "Unless the jury should be satisfied from all the evidence, that the bolts which were delivered were received and accepted by the defendants, after a suitable opportunity to inspect them, as being such bolts as were required by the contract, and were of a good, merchantable quality, they might object to the payment of the contract price. The mere fact that the defendants received a portion of the bolts, and brought them to their mill, and used them to keep their mill in operation, ought not, under the circumstances, to be held a waiver of the implied warranty. The bolts were to be delivered at a point distant from the defendants' mill, and some of the defects would probably not be discovered until they were used. Besides, it is alleged that the defendants relied on these bolts to stock their mill and keep it in operation. They could not, therefore, without great injury, return the bolts; and the fact that they did not, but kept and used them, ought,

not to be deemed a waiver of the right to object that the bolts were not such as the contract called for." The case stands on peculiar grounds, and carries the doctrine that the buyer may set up defects in the goods after he has received them, to an extreme length. But it is not necessary to disturb the doctrine of that case, and we do not intend doing so, while laying down the rule in respect to patent and obvious defects in articles delivered on an executory contract where there is ample opportunity for examination. The buyer must, in such a case, at the time he receives the goods or within a reasonable time thereafter, notify the seller that they are not accepted as complying with the warranty, or his claim for compensation for the defects will be waived. This rule derives support from the cases of *Reed v. Randall*, 29 N. Y., 358; *McCormick v. Sarson*, 45 id., 265; and *The Gaylord Manuf. Co. v. Allen*, 53 id., 515.

It is obvious that there is a well founded distinction between the case at bar and the class to which *Getty et al. v. Rountree*, 2 Pin., 380; *Fisk v. Tank*, 12 Wis., 276; *Woodle v. Whitney*, 23 id., 55; *Boothby v. Scales*, 27 id., 626; and *Bonnell v. Jacobs*, 36 id., 59, belong. In the latter class, the articles were manufactured or furnished for a particular purpose; the defect was latent, and could be discovered only after a trial. If the article delivered proved not to be fit for the purpose ordered, this court held that the vendee might, "without returning or offering to return it, and without notifying the vendor of its defects, bring his action for the recovery of damages, or, if sued for the price, may set up and have such damages allowed to him by way of recoupment from the sum stipulated to be paid." *Fisk v. Tank* and *Bonnell v. Jacobs*.

The court found as a fact in the case, that prior to the time when the defendants received the wood, they had entered into contracts for the sale of hickory and rock-maple wood, and were obliged to take the wood of the plaintiff to fulfill these con-

tracts.  It is claimed that this circumstance brings the case fully within the principle and reasoning of *Ketchum v. Wells.* A moment's attention will suffice to show the difference in the cases.  In *Ketchum v. Wells* there was not a sufficient opportunity to examine the bolts before the vendee received them; besides, the court observes that probably some of the defects would not be discovered until used.  But here the defendants received the wood with full knowledge of its inferior quality, and of the place in which it was delivered, making no objection that it was not of the character, quality or description called for by the contract.  They might then have given notice that they were not satisfied with the wood; did not accept it as conforming to the warranty; and that it was not delivered at the proper place.  This, however, they did not do.  We therefore think, under the circumstances, they could not counterclaim or recoup for damages in consequence of defects in the wood, or because it was not piled at a proper place for loading.  This view affirms the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.