## MOREHOUSE and others vs. COMSTOCK.

SALE OF GOODS: WARRANTY. *(1, 2) Questions of express or implied warranty in sale. (3, 4) Rights of vendee in case of breach.*

1. In reply to a letter of defendant, not found in the record, plaintiffs (commission merchants and dealers in apples) wrote that they had no *New York* fruit, but should have some soon, and added: "You can rely on the very best of fruit, and we will meet the market." This letter contained no reference to *Michigan* apples. Defendant answered ordering a car load of Michigan apples for resale, and stating that he would "as soon have Michigan fruit, as they come cheaper and are generally of good quality, and will sell about as well;" and plaintiffs thereupon sent him a car load of apples. *Held*, that there was an implied warranty that the apples were merchantable, but *no express warranty* of quality.

2. After shipment of the apples to defendant, and notice thereof sent him by mail, and acceptance of the apples by him, plaintiffs sent him a bill of them, on which was written: "You will find this a very nice lot." *Held*, no warranty, the contract being previously complete and executed. And, for the same reason, these words, printed on such bill, "All claims for damages must be made within three days after receipt of the goods," were without legal effect.

3. In case of an executory contract for the sale of goods, with express or implied warranty, if there are patent defects, and the purchaser has full opportunity for examination and knows of such defects, his failure to notify the vendor within a reasonable time that the goods are not accepted as fulfilling the warranty, is a *waiver* (*Locke v. Williamson*, 40 Wis., 377); but subject to this rule it is the settled law of this state, that, if the article purchased prove defective or unfit for the use intended, the purchaser, without offering to return it, or notifying the vendor of the defects, may recover damages therefor, or recoup such damages in an action against him for the contract price. *Bonnell v. Jacobs*, 36 Wis., 59.

4. In this case, defendant, who had no opportunity for inspection of the apples until after delivery and acceptance and payment of the freight, may recoup damages for breach of the implied warranty, without showing any offer to return or notification to defendants.

APPEAL from the Circuit Court for *Grant* County.

Action to recover the contract price of a car load of apples, in barrels, sold by the plaintiffs to the defendant. The answer alleges, by way of counterclaim, that the apples were not

merchantable, and that the defendant had no opportunity to examine them before they were delivered to him.

The facts, as they appeared at the trial, are briefly these:

The plaintiffs were commission merchants and dealers in apples, at Milwaukee, and the defendant was a merchant or grocer at Boscobel. In October, 1874, the defendant, by letter, ordered the plaintiffs to ship him a car load of Michigan apples, for resale by him, and plaintiffs shipped the apples accordingly. At the same time that these were shipped from Milwaukee, plaintiffs wrote defendant, informing him of the shipment, and stating the price of the apples, and stating further, that they would furnish him a bill thereof the next week. None of the letters contain any reference to the quality of the apples, except that defendant, in his letter ordering them, says that he would as soon have Michigan apples, " as they come cheaper, and are generally of as good quality," and would sell about as well as New York apples. Plaintiffs had previously written to defendant, stating that they had no New York apples on hand, but expected some the last of the following week; and saying further, " You can rely on the very best of fruit, and we will meet the market." There was no reference to Michigan apples in that letter.

After defendant received the letter informing him of the shipment of the apples (but how long after does not appear), he received from plaintiffs the promised bill. Printed at the top of the bill are these words: " All claims for damages must be made within three days after receipt of the goods;" and one of the plaintiffs wrote on the face of the bill, " You will find this a very nice lot."

The apples arrived in due time at Boscobel, and defendant received them, paid the freight thereon, and commenced selling them by the barrel, without examination. Complaint being made by a purchaser, he examined some of those he had sold, and found them defective in quality. The evidence tends

to show that a considerable portion of the apples were unmerchantable. Fifteen or twenty days after the receipt of the apples, defendant informed plaintiffs, by letter, of their defective quality, but did not offer to return them.

The circuit judge instructed the jury, *inter alia*, as follows: " There was also a notice attached to the bill, that ' all claims for damages must be made within three days after receipt of the goods.' This must be regarded as notice that, if defects in quality are complained of, notice must be given in a reasonable time, after opportunity to inspect the goods and ascertain their quality. Was this done? That is a question for the jury." And again: "Did the defendant ever notify the plaintiffs, that he would not accept the goods? Did he ever offer to return the goods? If he used the goods without having notified the vendor that he would not accept them, and without having offered to return them after discovering their quality, and they were goods of his own selecting, and not ordered upon the representation of plaintiffs that that kind of goods was adapted to any particular purpose or branch of trade, it must be regarded as evidence of such acceptance as binds him for the purchase price."

The jury found for the plaintiffs, and assessed their damages at the contract price of the apples, with interest. A motion for a new trial was denied, and judgment for the plaintiffs entered pursuant to the verdict. The defendant appealed from the judgment.

For the appellant, a brief was filed by *J. W. & J. M. Mills*, and the cause was argued orally by *J. M. Mills*. They contended, among other things, that, as defendant did not know of the defects in the apples, at the time when the property passed to him, he could recoup damages for the breach of warranty, express or implied, without having offered to return the apples (*Getty v. Rountree*, 2 Chand., 28; *Fisk v. Tank*, 12 Wis., 302; *Boothby v. Scales*, 27 id., 635; *Leopold v. Van Kirk*, 29 id., 556; *Bonnell v. Jacobs*, 36 id., 62; *Merriam v.*

*Field*, 39 id., 578); that there was at least an implied warranty of their merchantable quality; and that there were express warranties created by the words in plaintiffs' letter, "You may rely on the very best of fruit," etc., and by the words written on the bill, "You will find this a very nice lot."

For the respondents, a brief was filed by *Bushnell & Clark*, and the cause was argued orally by *R. A. Watkins*. They contended, 1. That the jury were properly instructed that, in plaintiffs' letter prior to defendant's order, there was no representation of the quality of any but New York apples, the first reference to any other kind of fruit, by either of the parties, being in defendant's order. 2. That defendant waived any defects in the apples by his failure to notify plaintiffs, within a reasonable time after receiving the goods, that he did not accept them as fulfilling the warranty. *Locke v. Williamson*, 40 Wis., 379.

LYON, J. The record fails to show that there was any express warranty of the quality of the apples. The letter of the plaintiffs, in which they say to the defendant that he can rely upon the very best of fruit, relates exclusively to New York apples, and has no application to a purchase of Michigan apples. And so the learned circuit judge ruled on the trial. There was, however, an implied warranty that the apples were merchantable, that is, that they were conformable, as to kinds, condition and quality, to that which would be understood by the trade from the term "Michigan apples," these being the descriptive words of the contract. 1 Parsons on Con. (5th ed.), 560.

This is the only warranty we find in the case. The words written by one of the plaintiffs at the foot of the bill rendered by them for the apples, viz.: "You will find this a very nice lot," is not a warranty, for the reason that the contract of sale was fully made by the order for the apples and the acceptance thereof by the plaintiff, and was executed by the shipment of

the apples to the defendant, before such bill was rendered. For this reason, nothing upon the face of that bill can operate to change the rights or liabilities of the respective parties under their contract.

The jury were instructed, in substance, that, unless the defendant, when he discovered the defect in the apples, notified the plaintiffs that he would not accept them, and offered to return them, the defendant must pay for them the contract price. Whether this instruction states the law correctly, is the principal question to be determined on this appeal.

It was held in *Locke v. Williamson*, 40 Wis., 377, that in respect to an executory contract for the sale and purchase of goods, " when the defects in the goods are patent, and obvious to the senses, when the purchaser has a full opportunity for examination, and knows of such defects, he must, either when he receives the goods, or within what, under the circumstances, is a reasonable time thereafter, notify the seller that the goods are not accepted as fulfilling the warranty; otherwise, the defects will be deemed waived." Subject to this rule, it is the settled law in this state that, " in case of a warranty, express or implied, where the article purchased proves defective, or unfit for the use intended, the purchaser may, without returning or offering to return it, and without notifying the vendor of its defects, bring his action for the recovery of damages, or, if sued for the price, may set up and have such damages allowed to him by way of recoupment, from the sum stipulated to be paid." *Bonnell v. Jacobs*, 36 Wis., 59, and cases cited.

In the present case, as already observed, the contract of sale was completed and executed by the shipping of the apples pursuant to the order of the defendant; and while the contract remained executory, he had no opportunity of inspection. Indeed he had no such opportunity until after he had paid the freight, and accepted a delivery of the property. Clearly, therefore, the case is not within the rule of *Locke v. William-*

*son,* but is within the rule of *Bonnell v. Jacobs,* and the cases there cited. In a case like this, the rule *caveat venditor,* and not *caveat emptor,* governs. 1 Parsons on Con., 560. It follows that the instruction under consideration was erroneous.

The learned circuit judge seems to have considered that the requirement printed on the bill rendered for the apples, re-stricting the time within which a claim for damages might be made, is a part of the contract. For reasons already stated, this is not the correct view; and the instruction on that subject is also erroneous.

For these errors the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.