Buffalo Barb Wire Co. vs. Phillips and another.

---

BUFFALO BARB WIRE COMPANY, Respondent, vs. PHILLIPS and another, Appellants.

*October 14 — November 3, 1886.*

*(1) Sale of chattels: Warranty: Rights of vendee.    (2)Appeal to S. C.: Exception to instruction.*

1. If chattels sold under a warranty, express or implied, are defective or unfit for the use intended, and the defects were not open and palpable and were unknown to the purchaser when he received the goods, he may, without returning or offering to return the goods and without notifying the vendor of the defects, maintain an action for damages, or, if sued for the price, may recoup such damages.
2. A general exception to the whole of an instruction to the jury in this case, *held* sufficient.

APPEAL from the County Court of *Milwaukee* County. The facts are sufficiently stated in the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendants appealed. The cause was before this court on a former appeal, and is reported in 64 Wis. 338.

*Chas. M. Bice,* for the appellants.

*B. K. Miller, Jr.,* of counsel, for the respondent, contended, *inter alia,* that no advantage can be taken on appeal of a general exception to a charge not wholly wrong. *Mil. & C. R. Co. v. Hunter,* 11 Wis. 160; *Tomlinson v. Wallace,* 16 id. 224; *Somervail v. Gillies,* 31 id. 152. A general exception to the charge raises no question. *Heath v. Heath,* 31 Wis. 223; *Butler v. Carns,* 37 id. 61; *Strohn v. D. & M. R. Co.* 23 id. 126; *Hungerford v. Redford,* 29 id. 345.

TAYLOR, J.  The respondent brought an action against the appellants to recover the value of a quantity of barb wire sold by the respondent to the appellants.  The sale and delivery of the wire are admitted by the appellants; also the price agreed upon.  The appellants then set up, by way of counterclaim, that upon such sale the respondent warranted said wire so sold to them to be the best quality of steel wire and as good as any in the market, and then alleged various breaches of said warranty, and claimed damages in the sum of $350.

On the trial, in order to establish their counterclaim, the appellants showed that the wire ordered by them from the respondent was to be the best quality of steel wire, and also gave evidence tending to show that such wire was defective in various respects; that the wire was improperly spooled, so that it could not be removed from the spools without great difficulty; that the wire was not properly twisted, the barbs were imperfect, uneven in length, and not properly fastened to the wire; and that the wire itself was not of sufficient strength to bear the tension necessary to properly fasten it to fence posts.  It was also shown that the wire was delivered to the defendants in the fall, and not used or sold by them until the next spring, when they first discovered the defects complained of.

The court charged the jury, among other things, as follows:  " On the part of the plaintiff it is claimed that the difficulty complained of on the part of the defendants with reference to this wire was visible; that anybody in examining it could see the defects that the defendants complained of.  If that is true, and you so find from the testimony, then, even if there had been an express warranty as to that particular defect, it would have been of no greater force or effect than the implied warranty.  They would stand upon equal footing.  An implied warranty is simply a warranty that the article sold, when there is no express warranty, is

merchantable and fit for the purpose for which it is intended. That is an implied warranty upon the sale of an article, whether it is wire, dry goods, or anything else, or any other manufactured article. If the defects complained of on the part of the defendants were visible, then the law steps in and says that he is bound to notify the plaintiff of the particular defect complained of in which the article does not answer the implied warranty which he claims the law attaches to an article upon the purchase and sale of it; and if the party, after having a reasonable time to make an examination of the article shipped and received by him, fails to examine it, or, in examining it, does not discover the particular defect complained of, in that event the law steps in, and says that it is *prima facie* evidence, at least, that there was no defect at the time of the sale and delivery; and if there was, and there has been a neglect for so long a time to notify the parties of the particular defect complained of, it amounts to a conclusion,— it is conclusive upon him,— and he cannot, after so long a time failing to make the notification, avail himself of the particular defect. I believe that is the law concerning cases of this kind. You are to determine this from the testimony."

To this instruction the defendants duly excepted. It is insisted by the learned counsel for the respondent that this exception is not sufficient to raise the question as to the correctness of the instruction as to the duty of the purchasers to examine the goods purchased and notify the vendor within a reasonable time if they take objection to the quality of the goods delivered as to which there is only an implied warranty, and that they waive such implied warranty unless such examination and notice be given. We are disposed to hold the exception sufficient. The purpose of the instruction, as a whole, was to give the jury what the learned judge considered the law applicable to the case of a purchase of goods under an implied warranty as to their

fitness for the purpose for which they were purchased, and not as laying down any rule as to the duty of a purchaser upon an express warranty. Besides, it is doubtful whether the first part of the instruction, as to bringing an express warranty within the rule applicable to an implied warranty, is good law. If there be in fact an express warranty, and the defect complained of be not so palpable and openly visible as to make it certain that it was known to the vendee when he accepted the property so warranted, it is not the law that the purchaser is bound to search for defects, and, when found, give notice thereof to the vendor in order to hold him on his warranty. When the defects are so palpable and visible that it is apparent the purchaser knew of them when he received the goods notwithstanding such palpable defects, then there is no implied warranty as to such defects, but the purchaser waives his right entirely to complain of such palpable defects by his acceptance of the goods, unless he promptly notifies the vendor that he does not receive the goods as fulfilling the contract. This seems to be the rule laid down by this court in *Locke v. Williamson*, 40 Wis. 377; *Morehouse v. Comstock*, 42 Wis. 626. There is no distinction made in such case between express and implied warranties.

It seems to us that the evidence in this case fails to show that the defects complained of in the wire by the defendants, were such as are "patent and obvious," within the meaning of the rule laid down by this court in the two cases above cited; but they are more like the defects complained of in the case of *Getty v. Rountree*, 2 Pin. 380; *Fisk v. Tank*, 12 Wis. 276; *Woodle v. Whitney*, 23 Wis. 55; *Boothby v. Scales*, 27 Wis. 626; *Bonnell v. Jacobs*, 36 Wis. 59; *Morehouse v. Comstock*, 42 Wis. 626; *Warder v. Fisher*, 48 Wis. 338. Some, if not all, of the defects in the wire complained of were, to a greater or less extent, latent defects, and would not, in the ordinary course of business, be

discovered until the wire was used. The defects as to the strength of the wire, the imperfect twisting of the same, and bad spooling were certainly not open and patent defects, of which the purchaser was bound to take notice on the delivery thereof, and so do not come within the rule of the cases cited.

But the charge is erroneous in making a distinction as to the duty of the purchaser when he purchases with an implied warranty and his duty when purchasing upon an express warranty. The instruction says to the jury that, when the purchaser buys the goods upon an implied warranty that they are merchantable and fit for the purposes for which they are purchased, he must in all such cases search out such defects within a reasonable time, and that a neglect to search for the defects, and, when found, to notify the vendor of the same within a reasonable time after the purchase, is a bar to the purchaser's right to recover for any breach of such implied warranty. This, it seems to us, is clearly contrary to the rule of this court as stated in the cases last cited, and which rule the chief justice, in the case of *Locke v. Williamson, supra,* says is not intended to be changed by what is said in that case. In *Bonnell v. Jacobs, supra,* the circuit court instructed the jury "that if there was a defect in the machine itself it would have been the duty of the defendant in this case to give Mr. Bonnell notice that the furnace was defective and to come there and perfect or take it away in a reasonable time. If he did not give such notice, and kept it, he would be deemed, in that case, to have waived any claim for the defect." And this court said: "The instruction is erroneous. The law is well settled in this state, by repeated adjudications of this court, that in case of a warranty, direct or implied, when the article purchased proves defective or unfit for the use intended, the purchaser may, without returning or offering to return it, and without notifying

the vendor of the defects, bring his action for the recovery of damages, or, if sued for the price, may set up and have such damages allowed him by way of recoupment for the sum stipulated to be paid;" and the cases cited above in this opinion were cited to sustain the rule so stated.

The cases in 40 Wis. and 42 Wis. above cited do not change the rule as above stated, except in a case where the vendee, at the time of receiving the goods purchased, has actual knowledge of the defects complained of, or the defects are open and palpable and the vendee has a full opportunity for examination. In such case the law charges him with such knowledge; and if, notwithstanding such known or open and palpable defects, he accepts the goods, without notifying the vendor that he does not accept them as a fulfilment of the contract, he is held to have waived his right to recover for such defects.

As said above, we do not think the evidence brings the case within the rule laid down in the cases of *Locke v. Williamson* and *Morehouse v. Comstock, supra,* and that the instruction of the learned county judge was clearly erroneous. Because of the error in the instruction the judgment must be reversed.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for a new trial.

See note to this case in 30 N. W. Rep. 298. — REP.