Waupaca E. L. & R. Co. v. Milwaukee E. R. & L. Co. 112 Wis. 469.

WAUPACA ELECTRIC LIGHT & RAILWAY COMPANY, Appellant,
vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY,
Respondent.

| 112 | 469 |
|-----|-----|
| 117 | ³627 |
| 117 | ³629 |

*December 2 — December 17, 1901.*

*Sales: Warranty: Breach: Evidence: Authority of agent: Custom: Delay in reporting latent defect: Instructions to jury.*

1. Where, in an action for breach of warranty of a second-hand generator purchased for use in operating a street railway, the questions at issue were whether the machine was sold with warranty of quality and fitness, and whether when sold it was in good operative condition, evidence that it is not prudent management to run a street-railway or lighting plant with a second-hand generator, and that there are difficulties in operating a new electric line especially trying on a generator, was inadmissible.

2. If, in the sale of a particular class of property, it is customary to accompany the sale with a warranty as a means of effecting it, then, as matter of law, an agent to sell such property possesses implied authority so to warrant.

3. If a person purchases property with a warranty as to quality or fitness, and there are latent defects therein which come to his knowledge after taking it into his possession, mere delay in calling the attention of the vendor thereto, in the absence of some contract to the contrary, does not affect the right to recover damages for breach of the warranty.

4. Where the parties dealt with the machine sold as a second-hand article, and plaintiff's claim was based wholly on breach of an alleged express warranty, an instruction defining a "second-hand machine" as a machine that is not as good as a new one, is *held* to have been misleading and improper.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action for damages for breach of warranty of an electric generator. The complaint was to the effect that plaintiff, being in need of a generator for use in operating an electric street railroad, made known that fact to the defendant,

whereupon the latter represented to the former that it had a machine for sale which was in first class operative condition and in every way suited to the former's needs; that, relying upon such representations, plaintiff purchased said machine; that it was not as represented, but was defective in that the insulation of the wires was nearly burned out and that it was entirely unsuitable for the use for which it was purchased; that plaintiff paid $1,250 for the generator, but that it was not worth, by reason of the faults therein as alleged, to exceed $425; that, relying upon the warranty aforesaid, plaintiff transported the generator to its power house, installed it for use, and endeavored to operate it, exercising reasonable care in that regard; that it proved to be so worn out and exhausted that the insulation or some part of it burned out repeatedly under ordinary use, and that it finally gave out so as not to be worth repairing; that plaintiff suffered damages in the whole, by reason of the breach of warranty, to the amount of $3,075.12. Defendant answered, denying that the machine was sold with a warranty of quality or fitness, or that it was defective or out of condition when sold, and alleging that it was in good operative condition when delivered to plaintiff, and that the difficulties experienced in operating it were caused either by negligence or accident and not by any defect in the machine. The jury rendered a verdict in favor of the defendant.

*C. H. Hamilton,* for the appellant.

For the respondent the cause was submitted on the brief of *Miller, Noyes & Miller.*

MARSHALL, J. Many errors are assigned on rulings of the trial court admitting and rejecting evidence, which we do not deem necessary to discuss in this opinion. All questions presented for consideration have been reviewed, and each that involves error, whether prejudicial or not, will receive attention here.

A witness was permitted to testify that it is not prudent management to run a street-railway or lighting plant with a second-hand generator, and that there are difficulties in operating a new electric line especially trying on a generator. We are unable to perceive what bearing that had on the issues made by the pleadings. It did not tend to rebut evidence that the machine was sold with warranty of quality and fitness or that it was not, when sold, in good operative condition as represented. At best it gave the jury room to speculate that possibly the difficulties experienced in trying to operate the generator were attributable to bad management. The evidence should not have been received.

One of the material controverted questions was whether the person who represented respondent in selling the generator had authority to bind the corporation by a warranty. On the part of appellant evidence was given to the effect that it is customary in selling second-hand electrical machinery to sell the same with warranty. The court instructed the jury that:

" Any buyer who takes a warranty going beyond the reasonable scope of the selling agent's authority does it at the risk of being able to prove that the agent had his principal's express authority to that extent; but if he fails to prove it, the law will not infer such authority."

That was an erroneous statement of the law as applied to the evidence in this case and was so clearly prejudicial to appellant that a reversal of the judgment cannot be avoided. This court held, in effect, in *Boothby v. Scales*, 27 Wis. 626, that nothing short of express authority to an agent, to warrant the quality of property of his principal, offered by him for sale, will bind such principal. That was overruled, however, in *Pickert v. Marston,* 68 Wis. 465, which has been since followed. *Larson v. Aultman & Taylor Co.* 86 Wis. 281; *Roche v. Pennington,* 90 Wis. 107; *Westurn v. Page,* 94 Wis. 251. In those cases the doctrine laid down by the

472    SUPREME COURT OF WISCONSIN.    [Dec.

Waupaca E. L. & R. Co. v. Milwaukee E. R. & L. Co. 112 Wis. 469.

trial court here is stated to be the general rule, subject, however, to an exception, which applies to the evidence in this case, that if, in the sale of a particular class of property, it is customary to accompany the sale with a warranty as a means of effecting it, then, as a matter of law, an agent to sell such property possesses implied authority to do so.

The court instructed the jury, in effect, that if the generator was sold with warranty and there was a breach thereof, but appellant failed, within a reasonable time after discovering the defects, to notify respondent thereof, and continued to use the machine without objection, the warranty was thereby waived and plaintiff could not recover. That was error. The doctrine of waiver as the court gave it to the jury has no application to the facts of this case. If a person sells another property to be delivered, accompanying the sale with a warranty, and when delivery takes place there are defects in the property which are discoverable by a person of ordinary intelligence in the circumstances of the purchaser, by the exercise of ordinary care, and such other nevertheless accepts the property, neither objecting thereto then nor within a reasonable time thereafter, he thereby waives the defects so that he can neither rescind the sale, counterclaim for damages when sued for the purchase price, nor sue for damages for breach of warranty after paying for the property. *Locke v. Williamson,* 40 Wis. 377; *Morehouse v. Comstock,* 42 Wis. 626; *Olson v. Mayer,* 56 Wis. 551; *Gill v. Benjamin,* 64 Wis. 362, 371; *McClure v. Jefferson,* 85 Wis. 208; *Larson v. Aultman & Taylor Co.* 86 Wis. 281; *J. Thompson Mfg. Co. v. Gunderson,* 106 Wis. 449. But it is not difficult to see that such rule has no application whatever to latent defects,— defects that are not obvious by ordinary observation, but are made manifest when the article is put to use. In *Locke v. Williamson, supra,* where the doctrine was first distinctly declared by this court, after

stating the rule which the learned court applied here, this language was used:

" If the defendants had had no opportunity to examine the wood before removing it, or if the defects were latent, such as could be discovered only after a trial, then a differ-ent rule might well obtain."

In the latter circumstances this court has often held, and it is elementary, that the vendee may, without returning or offer-ing to return the article purchased, and without notifying the vendor of its defects, bring his action for damages, or, if sued for the price, set up and have such damages allowed to him by way of recoupment from the sum stipulated to be paid. *Fisk v. Tank*, 12 Wis. 276; *Woodle v. Whitney*, 23 Wis. 55; *Boothby v. Scales*, 27 Wis. 626; *Larson v. Aultman & Taylor Co.*, *supra; Parry Mfg. Co. v. Tobin*, 106 Wis. 286, 289. In *Larson v. Aultman & Taylor Co.* the lower court gave the law to the jury substantially as in this case. The evidence showed that there were obvious defects in the machine and other defects which were latent. In reviewing the instruc-tion in this court it was said, in effect, that ' as to such par-ticular parts of the machinery as had no defects except such as were patent the charge was unobjectionable; but as to latent defects it was erroneous.' If a person purchases property with a warranty as to quality or fitness, and there are latent defects therein which come to his knowledge after taking it into his possession, delay in calling the atten-tion of the vendor thereto, in the absence of some contract to the contrary, only affects his right to rescind the sale, re-turn the property, and sue to recover back the purchase money and perhaps special damages if there be any. The defects claimed to have existed in the generator being un-questionably of a latent character, mere delay in notifying respondent of the condition of the machine, which developed upon a trial thereof, was wholly immaterial to the right of appellant to recover damages for breach of warranty if there

were such breach, and it was manifestly prejudicial to it to present to the jury the doctrine of waiver as was done by the learned court.

Instructions were given to the jury on the subject of what is a second-hand machine. They were told that it is a machine not as good as a new one. Complaint is made of that by appellant. Certainly, there was nothing in the pleadings or the evidence to call for instructions on that subject. The parties dealt with the machine as a second-hand article, and plaintiff's claim was based wholly on an alleged express warranty and breach of it. Had the cause of action been on an implied warranty, possibly what both parties should have understood in regard to the machine, merely because of its second-hand character, might have been material. Under the circumstances the jury may have been prejudicially influenced by the specific instructions tending to inform them that, as a matter of law, plaintiff ought to have known it was not getting a machine as good as a new one, and that such circumstance should be taken into consideration in determining whether there was a warranty which appellant relied upon as claimed, since the language of the court will permit of a construction rendering it erroneous. It is not true in every respect that a second-hand machine is not as good as a new one. That may be true generally, if not universally, as regards mere salable value or the life of the article; but not as regards present efficiency. A second-hand machine may be just as efficient as, may even be superior to, a new one, as regards present working power. The jury were prejudicially misled if they understood the court to mean that a second-hand machine is necessarily one that will not do as good work presently, or during the remaining portion of its natural life, as a new one, and that, as plaintiff's officers knew they were getting a second-hand article, they had reason to know it was not one of normal working power or in good opera-

tive condition.  Surely the jury must have supposed the carefully worded definition of the term "second-hand machine" to have some significance bearing on the issue as to whether there was an express warranty, and may well have given it the bearing suggested.

We are unable to discover anything in the record, not already referred to, that calls for criticism.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.