Greenberg, Appellant, vs. Perlson and another, Respondents.

*December 16, 1921—January 10, 1922.*

*Sales: Goods not conforming to contract: Rejection by buyer: Disposition: Option of buyer: Reasonable market value.*

Under sec. 1684*t*—49 and sub. 1 (a), sec. 1684*t*—69, Stats., the buyer of goods, having upon delivery telegraphed the seller rejecting the shipment as not of the quality purchased and asking directions as to disposition of the goods, and no answer to the inquiry being made, could, when called upon by the railroad company to unload the car, take possession of the goods and pay only the reasonable market value therefor.

Appeal from a judgment of the circuit court for Milwaukee county: Gustave G. Geirz, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county to recover the purchase price of one carload of mixed rags at four cents per pound. The defendants denied the rags were accepted under the contract of purchase, alleged they were

worth only two and three-fourths cents per pound, and tendered judgment for $254.20. It is admitted that the defendants on May 28, 1920, offered plaintiff four cents per pound f. o. b. Milwaukee for "good country mixed rags." On June 11, 1920, immediately upon receipt of the rags, the defendants telegraphed plaintiff: "Car rags rejected. All loose and skinned. Wire disposition." On the same day plaintiff wired defendants: "Telegram received, rejection not justified, rags neither all loose nor skinned, principally country stock as sold to you." Plaintiff the same day also sent defendants a scolding letter of protest and argument which ended with this request: "Upon receipt of this letter kindly wire immediately what you are going to do." On June 14, 1920, defendants wrote plaintiff as follows and inclosed this statement:

"Not having received satisfactory instructions in reply to our telegram asking for disposition of the car of rags, and being compelled by the railroad company to unload the car, we proceeded to do so, and inclosed you will please find statement showing return of car, together with our check for the amount due you as per inclosed statement."

To Greenberg Iron & Metal Co.,
　　St. Paul, Minn.

| Rags. | Weight. | Rate. | Amount. |
|---|---|---|---|
|  | 35110 | 2.75 | $965 52 |
| Deposit received ............. $700 00 |  |  |  |
| To freight .................. | 9 26 |  |  |
| To car demurrage ............. | 2 06 |  |  |
|  |  |  | 711 32 |
|  |  |  | $254 20 |

The carload at four cents per pound amounted to $1,413.60, of which it was admitted $700 were paid. The civil court rendered judgment against the defendants for $254.20 less their costs, which judgment was affirmed by the circuit court less defendants' costs in said court, the judgment plaintiff appealed from being for $213.78.

For the appellant there was a brief by *Frank H. Hannaford,* attorney, and *Henry Mahoney,* of counsel, both of Milwaukee, and oral argument by *Mr. Hannaford.*

For the respondents there was a brief by *Morris Stern* and *Emil Hersh,* both of Milwaukee, and oral argument by *Mr. Hersh.*

Vinje, J.   The jury in the civil court rendered a general verdict of $254.20 in favor of plaintiff.   This is not challenged on the ground that it does not correctly find the market value of the rags, but plaintiff claims that there was no rejection of the rags and hence the contract price of four cents per pound governs.   He contends that when defendants saw the rags and then went on and took possession of them it amounted to an acceptance under the contract; that they could not deprive plaintiff of the right to repossess himself of the rags, if they were rejected, and permit him to sell them at his own price.

Defendants claim that they did reject the rags; that they did so inform plaintiff by their telegram of June 11, 1920, and that they then offered plaintiff the right to repossess himself of the rags by asking him "Wire disposition," that he refused to do so, and hence under the provisions of the Uniform Sales Act applicable, namely, sec. 1684*t*—49 and sub. 1 (a), sec. 1684*t*—69, Stats., the defendants were justified in taking the rags and paying plaintiff the reasonable market value therefor.   The above sections read respectively as follows:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale.   But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

"Where there is a breach of warranty by the seller, the buyer may, at his election:

"Accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price."

It is unquestioned that defendants clearly and absolutely refused to receive the rags under the contract and that they likewise asked for disposition. Such notice and request was sufficient to apprise plaintiff that the rags would not be received under the contract. *Northern S. Co. v. Wangard,* 117 Wis. 624, 94 N. W. 785. This notice was given on June 11th. They waited till June 14th before they exercised their option to receive the rags at their actual value. They were then called upon by the railroad company to unload the car and had to make some disposition of the rags. The time allowed was ample for plaintiff in which to make disposition of them if he chose to do so. The defendants acted strictly within their rights as declared by the Uniform Sales Act as above quoted and also in accordance with their rights as established in similar cases by our court. *Northern S. Co. v. Wangard,* 117 Wis. 624, 94 N. W. 785; *Nicoll v. Modern S. S. Co.* 143 Wis. 545, 128 N. W. 72. Under the circumstances they were under no obligation to enter into a correspondence argument with plaintiff as to whether or not the rags came up to contract requirements. That they did not come up to such requirements was evidenced by the verdict, of which plaintiff does not complain. Hence it is a verity in the case that the rags materially failed to comply with the contract.

*By the Court.*—Judgment affirmed.