BAILEY, Respondent, vs. BODE BROS. COMPANY, Appellant.

*February 7—March 6, 1928.*

*Sales of personal property: Misrepresentation: Rescission: Buyer's right to rely on statements of salesman.*

1. In an action to rescind a contract for the purchase of furniture, the jury was at liberty to believe the testimony of defendant's salesman that he had explained to the plaintiff the distinctive markings of a particular make of furniture. p. 266.
2. The evidence in this case is *held* sufficient to sustain a finding of the jury that the buyer should have discovered the falsity of the salesman's representations as to the make of the furniture, in the exercise of ordinary care, before purchasing, in view of her intelligence and experience. p. 267.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action begun on the 8th day of April, 1926. Judgment rendered April 10, 1926.

The action was brought to rescind a contract for the purchase of furniture and to recover the purchase price. The defendant is a corporation engaged in the retail furni-

ture business at Kenosha, and for one week in the month of April, 1925, it conducted a special sale of "Karpen" made furniture.

In her complaint the plaintiff, among other things, alleges that she purchased from the defendant a certain suite, consisting of three pieces, and that this suite was represented to her as being of "Karpen" make. It was agreed between the parties that, instead of delivering the furniture selected by the plaintiff, a suite identically like it would be shipped directly from the factory. The furniture was purchased as a gift to plaintiff's parents, and was to be delivered to them at their home in Irving, Illinois; and some six weeks after the same was shipped, the plaintiff, upon the occasion of a visit to her parents, discovered that the furniture was not "Karpen" made, but was of another make. Shortly after such discovery she notified the defendant that the furniture was not as represented, and she thereupon offered to return the same and demanded a return of the purchase price, with which demand the defendant refused to comply, and the present action was thereupon brought and prosecuted to final judgment.

The case was submitted to the jury upon a special verdict, in which it was found (1) that the plaintiff did not inform the defendant that she desired to purchase "Karpen" made furniture; (2) that she did not inquire of the defendant whether the furniture purchased was "Karpen" made; (3) that the defendant by the conduct of its salesman, Michael Bode, represented that the furniture purchased was "Karpen" made; (4) that the plaintiff believed such representations to be true; (5) that the plaintiff relied on such representations in making the purchase; (6) that the plaintiff, in view of her intelligence and experience, in the exercise of ordinary care ought to have discovered the falsity of such representations before purchasing the suite;

(7) that with the exception of the reverse side of the cushions, the covering of which was changed by mutual consent of the parties, the suite shipped was identically like the suite exhibited at the store of the defendant when plaintiff made the purchase; (8) . . . ; (9) that the plaintiff did not notify the defendant within a reasonable time of her election to rescind the sale.

Upon the usual motions after verdict, the court set aside the answers of the jury to the sixth and ninth questions of the special verdict, and ordered judgment in plaintiff's favor; and on the entry of judgment accordingly, the defendant has taken this appeal.

*Alfred L. Drury* of Kenosha, for the appellant.

*Frank S. Symmonds* of Kenosha, for the respondent.

Doerfler, J. The jury found that the plaintiff was deceived as to the make of the furniture solely by the conduct of Michael Bode, defendant's salesman. There is credible evidence in the case that when the plaintiff first called at the defendant's store a "Karpen" booklet was handed to her, which set forth the special qualities of "Karpen" made furniture, and which described certain tags on the furniture by which the make of the same could be identified. One Kaufman, one of defendant's salesmen, testified as follows:

"While I waited on her I showed her 'Karpen' goods. I showed her other goods. I explained to her the markings on 'Karpen' furniture. I called her attention to the little 'Karpen' tag that is sewed on either side, which cannot be taken off unless it is cut off. It was located right under the center cushion."

The jury was at liberty to believe this testimony, and evidently did so. Under these circumstances it is not surprising that the jury found as it did by its answer to the sixth question of the special verdict. Instead of availing herself of the information thus imparted to her, she chose

to ignore the same entirely, and to depend upon the conduct of defendant's salesman. She is therefore not entitled to the relief prayed for in the complaint. *Barndt v. Frederick,* 78 Wis. 1, 47 N. W. 6; *Porter v. Beattie,* 88 Wis. 22, 59 N. W. 499; *Warner v. Benjamin,* 89 Wis. 290, 62 N. W. 179; *Farr v. Peterson,* 91 Wis. 182, 64 N. W. 863; *Bostwick v. Mutual L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *Northern S. Co. v. Wangard,* 117 Wis. 624, 94 N. W. 785; *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W. 932; *Miller v. Hackbarth,* 126 Wis. 50, 105 N. W. 311.

As the answer of the jury to the sixth question of the special verdict is fatal to plaintiff's right of recovery, the jury's answer to the ninth question thereof need not be considered.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to dismiss plaintiff's complaint with costs.