.WILSON, Appellant, vs. SOLBERG, Respondent.

*February 24—March 14, 1911.*

*Sales: Breach of warranty: Rescission: Reasonable time: Evidence.*

1. Shoes sold to a retailer with warranty as to material and quality were placed by him in his store and some sales made therefrom. After about five weeks he discovered that they were not as warranted, and shipped back those remaining, tendering the money received for those sold. The vendor refused to receive the shoes or the money. The jury found that the defects were not obvious or observable to an experienced shoe dealer using ordinary care, and that the shoes were shipped back and the vendor notified of the breach of warranty within a reasonable time. *Held*, that there was a rescission and that the vendee was not liable for the purchase price.

2. In an action for the purchase price of goods, where defendant claimed that the sale had been rescinded for breach of warranty, a restriction as to the time in which claims must be made, printed upon the bill sent with the goods, bearing a date later than the contract of sale, and not shown to have been any part thereof, was not binding upon defendant or admissible in evidence.

APPEAL from a judgment of the circuit court for Lincoln county: A. H. REID, Circuit Judge. *Affirmed.*

This action was brought to recover the purchase price of shoes sold and delivered to defendant. The defense is breach of warranty as to quality and rescission of the contract of sale

on discovery of defects. The jury returned the following verdict:

"(1) Did the plaintiff in making the agreement for sale of the shoes here in question to the defendant in October, 1907, agree that the shoes then agreed to be sold should be made of solid leather?  A. Yes.

"(2) Did the plaintiff in October, 1907, as a part of the agreement with the defendant for the sale of the shoes here in question, warrant that the shoes which would be delivered pursuant to said agreement would be of as good quality as any of like pattern then being sold to the retail shoe dealers in the market at the same prices?  A. Yes.

"(3) If you answer question number 2 'Yes,' then did the shoes delivered to the defendant pursuant to said agreement conform to said warranty?  A. No.

"(4) If you answer question number 3 'No,' then were the particulars in which said shoes did not comply with said warranty observable to an experienced shoe dealer of ordinary intelligence, using ordinary care and attention to his business?  A. No.

"(5) Was the fact that the shoes delivered to the defendant in March, 1908, were not of solid leather observable to an experienced shoe dealer of ordinary intelligence exercising ordinary care and attention to his business?  A. No.

"(6) Did the defendant ship back the shoes in question and notify the vendor that they were not in accordance with the agreement of purchase, within a reasonable time after having received the shoes?  A. Yes."

Plaintiff moved for directed verdict and to change the answers to questions in the special verdict, which motions were denied and judgment rendered for defendant on the verdict, from which this appeal was taken.

For the appellant the cause was submitted on the brief of *T. L. Davison,* attorney, and *M. C. Porter,* of counsel.

For the respondent there was a brief by *John Van Hecke,* attorney, and *Wm. E. Fisher,* of counsel, and oral argument by *Mr. Van Hecke.*

KERWIN, J. The Chambersburg Shoe Manufacturing Company sold the bill of goods in question to defendant and before the commencement of this action assigned its claim to the plaintiff, and the action was brought by plaintiff as assignee of said Chambersburg Shoe Manufacturing Company. The order for the sale of the shoes was procured from the defendant by the traveling salesman for said Chambersburg Shoe Manufacturing Company and was solicited in the general course of business. The order was taken October 11, 1907, delivery to be made on or about March 1, 1908, and the goods were in fact delivered about the 10th of March, 1908. The defendant after receipt of the goods placed them in his store for sale with his regular stock and held them until April 17, 1908, during which time he sold a few pairs of the shoes for which he received $20.55, and about April 17, 1908, at which time he claims to have discovered that the shoes were not in accordance with the warranty, attempted to rescind the contract and return the shoes and money received for those sold. The Chambersburg Shoe Manufacturing Company refused to receive the shoes or the money. It will be seen from an examination of the special verdict set out in the statement of facts that the jury found all questions in favor of the defendant, and we think the findings have support in the evidence, therefore cannot be disturbed notwithstanding the appellant's claim that the verdict is unsupported by the evidence and that therefore the court erred in refusing to direct a verdict for appellant and to change the answers to questions in the special verdict. It is contended by counsel for appellant under this head that when goods are delivered on an executory contract with opportunity for examination and knowledge of defects which are open and obvious upon mere inspection, and the purchaser takes them into his possession and appropriates them to his own use without notifying the vendor at the time of receiving them or

within a reasonable time thereafter that they are not accepted, as not fulfilling the contract, he cannot rescind. This rule may be admitted, but we think the evidence does not bring the appellant within the rule. There is ample evidence in the case before us to warrant the jury in finding that the defects were not obvious and could not be discovered by mere inspection. The evidence is also ample to support the verdict that the shoes delivered did not conform to the warranty and that the defendant did return them and notify the vendor within a reasonable time after having received them that they were not in accordance with the warranty.

Error is also assigned in the exclusion of evidence. The appellant offered in evidence a certain exhibit which was claimed to be a duplicate of the bill of goods sold to the defendant and which had printed on it certain restrictions, namely, "No claims allowed unless made within five days from receipt of goods." This exhibit was dated February 29, 1908, and it was not shown that the printed matter above quoted was any part of the contract of sale. The court excluded the portion above quoted, and we think properly, for the reason that the restriction printed upon the bill of goods made and delivered after sale was not binding upon the defendant. *Morehouse v. Comstock,* 42 Wis. 626. We think no prejudicial error was committed, therefore the judgment of the court below should be affirmed.

*By the Court.*—Judgment is affirmed.