CHARLES H. ARTHUR and Others, Plaintiffs, *v.* ALFRED P. WRIGHT and Another, Defendants.

*Sales of wheat, to be delivered " as soon as possible" — what delay in delivery discharges the purchaser.*

Under a contract made May 25, 1887, by which certain dealers in wheat, in Duluth, Minnesota, agreed to deliver the same in Buffalo harbor as soon as possible, a tender of the wheat at Buffalo on the 18th day of June, 1887, the same not having been shipped until the thirteenth day of that month, is not sufficient and the purchasers may properly refuse to receive the same.

The known difficulty of procuring transportation for the wheat furnishes no excuse to the vendors for such a delay.

Exceptions ordered to be heard at the General Term in the first instance, after a trial at the Erie County Circuit on April 15, 1889, before the court and a jury, at which the court directed a dismissal of the plaintiffs' complaint, and that the plaintiffs' exceptions be heard at the General Term in the first instance, and that the entry of judgment be stayed until after the decision of the General Term.

The action was brought to recover damages alleged to have been sustained by the plaintiffs because of the defendants' refusal to complete their purchase of 50,000 bushels of wheat at the price agreed, upon delivery at the harbor of Buffalo.

*H. C. Day*, for the plaintiffs.

*Frank Brundage*, for the defendants.

MACOMBER, J.:

Counsel for the respective parties, at the close of the evidence, asked the court to withdraw the case from the consideration of the jury and to direct a verdict. The only question, therefore, is, whether, upon any reasonable view which may be taken of the facts of the case, the judgment can be sustained. If there be contradictory evidence, or if contrary inferences can be drawn reasonably from the uncontradicted facts, we must assume that the version thereof which leads to an affirmance of the judgment is correct. (*Fargo* v. *Milburn*, 100 N. Y., 96 ; *Kirtz* v. *Peck*, 113 id., 226.)

This action is to recover upon a contract made May 25, 1887, between the plaintiffs, who are dealers in wheat in Duluth, Minne-

sota, and the defendants, who are forwarders, and at times purchasers, of wheat at Buffalo, N. Y. The agreement which was evidenced by telegrams from the respective parties, and subsequently embodied in a letter from the defendants to the plaintiffs, was, that the plaintiffs should sell to the defendants 50,000 bushels of No. 1 hard wheat, at ninety-one cents per bushel, delivered in Buffalo, as soon as possible (as stated in the complaint) by lake transportation. The wheat was to be shipped from Duluth to Buffalo by lake. The usual time for transportation of freight between these two ports is six days. It required but a few hours to load into vessels this amount of wheat. Had the same been shipped from Duluth on the 26th of May, 1887, the day after the contract, it would have been delivered in due course of transportation to the defendants on the first day of June of that year. But the plaintiffs did not ship any part of the cargo until the thirteenth of June, and the wheat did not arrive in Buffalo until the eighteenth day of that month. The defendants refused to receive the cargo and the same was subsequently sold in the interest of the plaintiffs, and this action is brought to recover the sum of $4,500, the difference between the contract-price and the amount realized at such sale.

The contract, as stated in the complaint, was, that this wheat should be delivered in Buffalo harbor as soon as possible. There was no time mentioned for its delivery in the correspondence constituting the contract, and hence the plaintiffs had a reasonable time in which to fulfill their part of the agreement. (*Wright* v. *Bank of the Metropolis*, 110 N. Y., 237; *Colt* v. *Owens*, 90 id., 368.)

By the evidence of one of the plaintiffs it is established, without contradiction, that vessels for the transportation of freight from Duluth eastward were, at this time, in great demand, and were consequently difficult to obtain. It was also shown by the same witness that the plaintiffs actually procured vessels for the transportation of like freight between these two ports in pursuance of contracts made prior to the twenty-fifth day of May, but which were executed after the agreement with the defendants. Between the twenty-fifth day of May and the thirteenth day of June, inclusive, the plaintiffs actually shipped from Duluth 250,000 bushels of wheat, of which shipments 200,000 bushels were to fill contracts made prior to May twenty-fifth with parties other than the defendants. Such ship-

ments were made May twenty-sixth, May twenty-seventh, June second, June third and June eleventh. When the contract was made with these defendants the plaintiffs knew that vessel-room upon the upper lakes was difficult to obtain.

Such delay of the plaintiffs in delivering the wheat at Buffalo was, under these facts, inexcusable. The delivery was not made within a reasonable time. It was the duty of the plaintiffs under this contract to obtain the wheat and ship the same from Duluth with all reasonable dispatch, and to deliver the same in Buffalo in the usual course of lake navigation. So long as they omitted either to obtain transportation or to load the vessel they failed of their duty to the defendants under the contract. The known difficulty of procuring transportation could furnish no excuse for delay. The defendants were entitled to an exact performance by the plaintiffs of their contract to ship promptly and to deliver within a reasonable time. Failing in this, they have no ground of complaint against the defendants for refusal to accept the wheat on the eighteenth day of June. (*Tobias* v. *Lissberger*, 105 N. Y., 404.)

The exceptions taken to the exclusion of the testimony of the witness Arthur, upon his direct-examination, touching the contracts which the plaintiffs had on hand on the 25th day of May, 1887, for the delivery of wheat, is not available on this appeal, for the reason that the witness, on cross-examination, gave all the facts called for on his direct-examination.

The motion of the plaintiffs for a new trial should be denied, and judgment should be ordered for the defendants upon the order of the circuit dismissing the complaint of the plaintiffs.

DWIGHT, P. J., concurred; CORLETT, J., not voting.

Plaintiffs' motion for a new trial denied, with costs, and judgment ordered for defendants on the order dismissing plaintiffs' complaint.