## FOUNTAIN CITY DRILL CO. v. LINDQUIST.

Though the statute provides no special method for identifying or making a letter or other document a part of the deposition of a witness, it must be in some manner attached to or referred to therein, or returned therewith; or be mentioned in the certificate of the officer before whom the deposition was taken.

Where a contract for the sale of machinery required it to be shipped on or about February 1st in a mixed car, and it was shipped by local freight about 40 days after the time specified, the burden of proving a waiver by the buyer of the terms of the contract, or legitimate excuse for its violation, was on the seller in an action by him to recover damages for the buyer's refusal to accept the machinery.

In construing contracts for the sale of goods, stipulations to ship in a specified time are usually treated as warranties or conditions precedent, with which the vendor must comply, in order to recover damages arising from the refusal of the vendee to accept the shipment; and hence a buyer of machinery, under a contract requiring it to be shipped on or about a certain date in a mixed car, rightfully refused to accept machinery shipped by local freight six weeks after the time specified.

Though the post office is a public agency, charged with the duty of transmitting letters that are properly addressed, stamped, and deposited in some regular receptacle for outgoing mail, there is no presumption, in the absence of anything tending to show that a letter was addressed to one and properly deposited, postage prepaid, that he received it.

Where plaintiff sold defendant machinery contracting to ship it on February 1st in a mixed car, testimony of plaintiff's agent that, 18 days after a default in the shipment occurred, he wrote defendant asking with whom the machinery should be loaded, and that defendant replied, "As soon as I find out, will let you know." did not show a waiver of defendant's right to have the machinery shipped as provided by the contract; defendant's letter not being properly authenticated or identified.

(Opinion filed, February 5, 1908.)

Action by the Fountain City Drill Company against A. W. Lindquist. Judgment for defendant, and plaintiff appeals. Affirmed.

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

*E. J. Turner* and *Charles S. Cairns,* for appellant.

The word "about" would authorize a shipment to be made on February 1st or within a reasonable time thereafter, 6 Cur-

rent Law, 1336. Where goods were to be delivered to defend ants at such place as he should require and plaintiffs notified defendants that the goods were ready and offered to deliver them at a place to be designated by defendants who refused to receive them. Held, that this was tanamount to a delivery. Kaufman v. Canary, 45 N. W. S. 1143; 47, N. W. 152. If the time of delivery was extended there must be a new offer of delivery at the close of such extended time in order to put the defendant in default. Gehl v. Milwaukee Produce Co., 93 N. W. 26. Where delay in delivering goods sold, beyond the contract period, is due to the acts or the omission of defendant-vendee, plaintiff-vendor is entitled to recover for the loss sustained by defendant's breach of contract, nothwithstanding the delay. Nelson v. Cal. Hirsch & Sons Iron, etc. Co., 102 Mo. App. 498; Bell v. Hatfield, 89 S. W. 544. The waiver of a condition precedent in a contract is implied in all cases in which the party entitled to exact performance either hinders or impedes the other party in fulfilling the condition. Benjamin on Sales, 3d Ed. Sec. 566. Whether a purchaser has waived a delivery at the specified time or in the specified manner, is to be determined by his acts and declarations. Judged by this rule defendant has both waived the question of time and the manner of shipment by "mixed car." Austin Mfg. Co. v. Sonuffer, 102 N. W.; Kiennan v. Crook, Horner & Co., 59 Atlantic 753; Hughes v. Pratt, 138 N. C. 105; 4 Current Law, 1330; 6 Current Law, 1336; Barnes v. Stacy, 79 Wis. 55; S. D. Civil Code, Secs. 1173, 1158.

*J. J. Batterton,* for respondent.

Unless the seller can show that he did comply with the terms of the contract of sale with reference to the time and manner of shipment, unless such provision is expressly waived by the vendee, he is in no situation to enforce the contract. · Mechem on Sales, Sec. 1139; 24 A. & E. En. L. (2d Ed.) p. 1073; Hamilton v. McPherson, 28 N. Y. 72; Civil Code, Sections 2303, 2324, 2151.

FULLER, J. Appellant, a foreign corporation whose principal place of business is LaCrosse, Wis., brought this action in the circuit court of Roberts county to recover damages aris-

ing from the alleged breach of a written contract, entered into with respondent on the 30th day of September, 1902, for the sale of two four-horse Fountain City Grain Drills at $80 each, to be shipped to Wilmot, in this state, "on or about Febuary 1, 1903, in a mixed car." At the conclusion of all the evidence offered in support of the complaint, the trial court directed a verdict in favor of respondent, and this appeal is from a judgment dismissing the action, and from an order denying appellant's motion for a new trial.

Without any excuse for the non production of the original letter or proof of its mailing, appellant's Minneapolis agent stated at the time of his deposition used at the trial was taken, that a certain paper then shown him was a copy of a letter which he had written to respondent on the 21st day of January, 1903; and while it does not appear that such purported copy was otherwise identified, referred to, or attached to the deposition of the witness, or inclosed therewith, it was produced at the trial, marked "Exhibit 4'," and introduced in evidence over the objection of counsel for respondent. The portion of this copy upon which appellant relies is as follows: "With whom are we to load your order for two drills, now ready to go forward from here as per contract February 1st?" Having received no answer to the foregoing inquiry, the witness testified that he wrote again about the middle of February, referring to his former letter and that respondent replied on the 20th of that month as follows: "Your favor of 2—18 at hand, in reply to same will say as soon as I find out will let you know." While this unauthenticated letter seems to have been shown the witness, and marked for identification, it was neither attached to nor inclosed with his deposition; but nevertheless the same was offered and received in evidence over the objection of opposing counsel. Without any foundation for secondary evidence, the witness also testified, by way of deposition, that he wrote respondent early in March that he would ship the drills by local freight unless he heard from him by return mail, and that he did so ship them March 11, 1903, and thereafter received a letter, dated the 18th instant, written by respondent as follows: "Gentlemen: You had no business to ship those drills until I

ordered them shipped. They are here at the depot, and are subject to your order. I cannot use them. I have only sold one drill so far this season. Please give your agent here shipping instructions." Although the statute of this state provides no special method for identifying or making a letter or other document a part of the deposition of a witness, it certainly must be in some manner attached or referred to therein, or returned therewith, or be mentioned in the certificate of the officer before whom such deposition was taken. Nothing of such precautionary nature was shown in this case, and no attempt was made to lay the foundation for the admission of copies or the testimony of the witness as to the contents of original letters. While none of the foregoing omissions, some of which must be essential, are specified in the objections as offered, and respondent is not in position to present the question for review, the loose practice employed in taking the deposition of appellant's principal witness is indicative of the uncertain and non probative character of the evidence which the trial court held insufficient to establish a prima facie case.

Upon the theory that there was a breach of the agreement, by the terms of which the ownership of the drills remained in appellant until accepted and paid for by respondent, its duly authorized agent caused them to be resold at public auction for $23.10, exclusive of costs, and sought to recover the difference between that amount and the contract price, as provided for by section 2303 of the Revised Civil Code. Although the purported breach of respondent's agreement occurred on the 18th day of March, 1903, and no effort was made to sell the drills until more than two years thereafter, our view of the case renders it unnecessary to determine whether the sale was effected with that degree of diligence required by the statutes, in order to recover damages as measured by the allegations of the complaint. For the purpose of diminishing the freight charges which the respondent agreed to pay and to procure a seasonable delivery for his early spring trade, appellant was obligated to ship the drills in a mixed car on or about February 1, 1903, Now, unless these vitally essential conditions were waived by respondent, he was released from his obligation to accept and pay for the drills shipped by local freight about 40 days after the

time specified, and the burden of proving a waiver or legitimate excuse for such violation of the contract is upon appellant. 11 Encyc. of Ev. 587. In Norrington v. Wright, 115 U. S. 188, 6 Sup. Ct. 12. Mr. Justice Gray stated the rule by which cases like this are governed as follows: "In the contracts of merchants, time is of the essence. The time of shipment is the usual and convenient means of fixing the probable time of arrival, with a view of providing funds to pay for the goods, or of fulfilling contracts with third persons. A statement, descriptive of the subject matter, or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance and maritime law; that is to say a condition precedent, upon the failure or nonperformance, of which the party aggrieved may repudiate the whole contract." Under an agreement made at Duluth, May 25, 1887, to deliver certain wheat in Buffalo harbor as soon as possible, it was held in New York that a tender of the wheat at that destination 23 days latter was properly refused, and that difficulty in obtaining vessel room upon the upper lakes was no excuse. It was shown that the grain was shipped from Duluth June 13, 1887, and arrived in Buffalo on the 18th day of that month; and, in sustaining the dismissal of an action on the merits, brought to recover the difference between the contract price and the amount realized at a sale properly conducted in the interest of the vendor, the court said: "Such delay of the plaintiffs in delivering the wheat at Buffalo was, under these facts inexcusable. The delivery was not made within a reasonable time. It was the duty of plaintiffs under this contract to obtain the wheat, and ship the same from Duluth with all reasonable dispatch and to deliver the same in Buffalo in the usual course of lake navigation. So long as they omitted either to obtain transportation or to load the vessel, they failed of their duty to the defendants under the contract. The known difficulty of procuring transportation could furnish no excuse for delay. The defendants were entitled to an exact performance by the plaintiffs of their contract to ship promptly, and to deliver within a reasonable time. Failing in this, they have no ground of complaint against the defendants for refusal to accept the wheat on

the 18th day of June." Arthur v. Wright, 57 Hun. 22, 10 N. Y. Supp. 368.

In construing contracts like the one before us, stipulations to ship in a manner designated and at a specified time are usually treated by the courts as warranties of conditions precedent, with which the vendor must comply in order to recover damages arising from the refusal of the vendee to accept the shipment. Soper v. Creighton, 93 Me. 564, 45 Atl. 840; Redlands·Orange Growers' Association v. Gorman, 76 Mo. App. 184; Berg v. Street Railway Co., 17 Tex. Civ. App. 291, 42 S. W. 647, 43 S. W. 929; Ellinger v. Comstock, 13 Ind. App 696, 41 N. E. 351; Tobias v. Lissberger, 105 N. Y. 404, 12 N. E. 13. That the letter of which Exhibit 4 is a copy was written respondent on the 21st day of January, 1903, asking him to state with whom the drills were to be loaded, is the utmost claim of appellant; and it being conceded that there was no answer, the inference is quite reasonable that he never received any such letter. The postoffice is a public agency, charged with the duty of transmitting letters that are properly addressed, stamped and deposited in some regular receptacle for outgoing mail; but, in the absence of anything tending to show that the letter in question was addressed to respondent, and properly deposited, postage prepaid, there is no presumption that he received it. Nor is there any reliable evidence of the waiver of the right to have the drills shipped on the 1st day of February in a mixed car, in the oral testimony of appellant's agent to the effect that he wrote respondent again 18 days after the default in the shipment occurred, and received the unidentified and unexplained answer, "As soon as I find out will let you know."

As a matter of law respondent rightfully refused to accept the drills shipped, not in a mixed car, but by local freight, six weeks latter than the time specified in his contract, and, upon the undisputed evidence, the verdict was properly directed when appellant rested its case.

The judgment dismissing the action on its merits is affirmed.