GRENAWALT, Respondent, vs. ROE and another, Appellants.

*September 30—October 20, 1908.*

*Sales: Executory contract: Refusal to accept goods: Performance: Burden of proof.*

Writings executed in August to the effect that plaintiff had sold to defendants his crop of tobacco for that year, consisting of a cer-tain number of acres, to be delivered about the next January in certain prescribed forms and in good packing condition, are *held* to have constituted an executory contract, not a sale *in præsenti;* and in an action for breach thereof by refusal to ac-cept the tobacco the burden of proof was upon the plaintiff to show substantial compliance on his part by offer of delivery of the tobacco in the forms and in the condition specified.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Clancey & Lov-erud,* and oral argument by *J. M. Clancey.* They cited, besides other cases, *Warren v. Bean,* 6 Wis. 120; *Olson v. Mayer,* 56 Wis. 551, 14 N. W. 640; *Keller v. Oberreich,* 67 Wis. 282, 30 N. W. 524; Benjamin, Sales, §§ 600, 895; 6 Am. & Eng. Ency. of Law (2d ed.) 451; 24 Am. & Eng. Ency. of Law (2d ed.) 1114; *Hoffman v. King,* 58 Wis. 314, 17 N. W. 136; 19 Ency. Pl. & Pr. 63, and cases; Blashfield, Instr. to Juries, § 347.

*J. J. Cunningham,* for the respondent, cited, among other authorities, *Locke v. Williamson,* 40 Wis. 377; *Jacobson v. Tallard,* 116 Wis. 662, 93 N. W. 841; Jones, Ev. 178; *Redman v. Ætna Ins. Co.* 49 Wis. 431, 4 N. W. 591; Hughes, Instr. to Juries, § 410; *Schobacher v. Germantown F. Mut. Ins. Co.* 59 Wis. 86, 17 N. W. 969; *Benedix v. German Ins. Co.* 78 Wis. 77, 47 N. W. 176; *Chicago, M. & St. P. R. Co. v. Hoyt,* 149 U. S. 1, 13 Sup. Ct. 779.

TIMLIN, J. On August 25, 1906, the plaintiff, a farmer, sold to the defendants, tobacco dealers, by written contract, his crop of four and one-half acres of tobacco then on the field and partly harvested. The written contract is as follows:

"No. 22.                                          8–25–1906.
"This certifies that I have bought of *Roy Grenawalt* crop of 1906 tobacco consisting of four and one-half acres for account of Roe & Brickson. Wrappers and binders in bundles at 14 cents per pound. Fillers tied in hands at 2 cents per pound. Trash out, all damaged tobacco excluded. To be delivered in sound packing condition at Orfordville about January, 1907, at buyer's option. There is no lien on this tobacco. Paid $25 on contract.
                                  "E. N. EDWARDS, McFarland, Wis."
"No. 22.                                          8–25–1906.
"This is to certify that I have sold my 1906 crop of tobacco consisting of four and one-half acres to E. N. Edwards

for account of Roe & Brickson.    Wrappers and binders in bundle at 14 cents per pound.    Fillers tied in hands at 2 cents per pound.    Trash out, all damaged tobacco excluded.    To be delivered in sound packing condition at Orfordville, Wis., about January, 1907, at buyer's option. There is no lien on this tobacco.    Received $25 on contract.

"ROY GRENAWALT."

The complaint averred that in the month of January, 1907, plaintiff had the said crop of tobacco ready for delivery and duly offered and tried to deliver the same to the defendants, but that said defendants refused to· receive the same.    Thereafter the plaintiff sold the tobacco for the best price he could obtain therefor, which was $243.05 less than the amount that would have been received under the contract in question, for which sum, less the $25 paid, he asked judgment.    The defendants pleaded that the tobacco at the time fixed for delivery was found to contain a large amount of trash and damaged tobacco, to be unfit for packing, and not in sound packing condition.    The defendants also pleaded and attempted to prove a release by the plaintiff, but consideration of that affirmative defense on their part is not necessary here.

The case was tried before the court and a jury, and the jury found specially that the tobacco at the time fixed for delivery was in sound packing condition, with all trash and damaged tobacco excluded.    The evidence upon this question was very evenly balanced, and the court instructed the jury as follows:

"Upon the defendants in this case rests the burden of satisfying you by a preponderance of the evidence that this tobacco was not in sound packing condition, with all trash out and all damaged tobacco excluded."

The only question arising on this appeal is whether the foregoing instruction was correct.    If the question whether the contract above quoted constituted a sale *in præsenti* or an executory contract of sale was new in this court much

might be said in support of either view; but we consider that question settled· and the contract executory upon the authority of *Olson v. Mayer,* 56 Wis. 551, 14 N. W. 640. The indications of a present sale contained in this contract are overcome by other provisions of the contract, by the condition of the subject matter of the contract at the time of the contract, and the provisions for later delivery. Treating this, then, as an executory contract of sale and the action in question as an action for damages for breach of such executory contract by the defendants, it follows that the burden of proof was upon the plaintiff to show performance on his part of these conditions of the contract to be by him performed. The burden of proof was on the plaintiff to show, according to the terms of his pleading, "that in the said month of January, 1907, he had the said crop of tobacco ready for delivery, and duly offered and tried to deliver the same to the said defendants." If the tobacco was not then in sound packing condition it could hardly be said that the plaintiff "duly offered and tried to deliver the same to the said defendants." Performance on the part of the plaintiff required him not only to make delivery, but to make delivery of the article sold in the form prescribed by the contract; that is, wrappers and binders in bundles, fillers tied in hands, trash taken out, damaged tobacco excluded, and the tobacco to be in sound packing condition. Of course, a substantial compliance was all that was required, and there was proof to show such substantial compliance on the part of the plaintiff and counterproof on the part of defendants. But the court erred in its instruction to the jury by placing upon the defendants that burden of proof which in law rested upon the plaintiff. 1 Greenl. Ev. (16th ed.) § 74 *et seq.;* 2 Mechem, Sales, §§ 1203–1220; *Warren v. Bean,* 6 Wis. 120; Benjamin, Sales, §§ 600, 895.

The cases cited by respondent—*Locke v. Williamson,* 40 Wis. 377, and *Underwood v. Wolf,* 131 Ill. 425, 23 N. E. 598—were actions to recover the purchase price of goods

delivered and therefore not in point.   In such cases, as was said in *Olson v. Mayer, supra,* stipulations in the contract which were only conditions while the contract remained executory sometimes become warranties by the execution of the contract.   Neither is the case of *Redman v. Ætna Ins. Co.* 49 Wis. 431, 4 N. W. 591, in point.   The contract of indemnity evidenced by a policy of insurance is separate and distinct from the warranties or representations which may have been made to induce the defendant to enter into such contract.   It could hardly be claimed that one suing upon a contract of indemnity had the burden of proof to show that he did not procure assent to that contract by misrepresentation or by untrue or incorrect promissory warranty.   For this very obvious error in the instructions of the court below the judgment must be reversed.

*By the Court.*—Judgment reversed.