OSCAR SMITH & SONS COMPANY, Respondent, vs. JANESVILLE
BATTING MILLS, Appellant.

*September 18—October 8, 1912.*

*Sales: Inferiority to sample: Burden of proof: Acceptance: Right to
rescind.*

1. Where the vendee claims that goods sold by sample are inferior
   thereto, but has accepted the goods so that his remedy, if any,
   is limited to a reduction of the claim for the purchase price,
   the burden of proof is upon him, in an action for such price,
   to show the inferiority to sample.
2. Where the vendee of cotton waste sold by sample retained the
   same for five weeks and, after using a portion of it, treated the
   whole, although unsuitable for his use, as his own by offering
   it for sale and endeavoring to have the vendor sell it for his
   account, there was such an acceptance of the goods as passed
   the title and precluded a rescission on the ground of inferiority
   to sample.

APPEAL from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action for the purchase price of some baled cotton waste,
sold defendant by sample and delivered into its possession.
There was no dispute as to the contract or amount of the
goods.    Defendant answered that the cotton was inferior to
the sample; that it seasonably discovered such fact and noti-
fied plaintiff thereof and asked for orders for disposition and
reshipment.    Defendant, also, counterclaimed for $800 dam-
ages and the full purchase price of the cotton.

According to the evidence the cotton was sold for use in
manufacture of cotton batting; to make a particular inspec-
tion it was necessary to open each package, but the customary
way was to insert and draw some of the material from differ-
ent portions of the bales by use of a hook.    When the prop-
erty arrived defendant took the same into its possession with-
out making any inspection.    Soon thereafter it opened up a
bale and tried to work it, thereby discovering that it was im-

practicable to do so with the machinery in·use.   Plaintiff was promptly apprised thereof and requested to sell the stuff for defendant's account.   Both parties endeavored to resell, no suggestion being made of any difficulty as regards its not being equal to the sample.   The difficulty was supposed to be in working the stock with the machinery in use.   Some five weeks elapsed after the first inspection during which there were several communications between the parties.   Failing to find a market, either by itself or by plaintiff, for the stock, defendant examined several more bales and then pronounced the property not acceptable as fulfilling the contract, and, in effect, rejected the same.   There was evidence tending to show that some of the bales contained cotton equal to or better than the sample and others not; but, that the average was substantially equal thereto; also evidence that, as to such kind of property, it was to be expected bales would vary in quality and the thing to expect was an average as compared with the sample.

The court instructed the jury that, in the circumstances of the case, the burden of proof was on defendant to maintain its claim that the goods were not equal to the sample.   The jury found for the plaintiff.

*J. J. Cunningham,* for the appellant.

*M. P. Richardson,* for the respondent.

MARSHALL, J.   The instruction as to the burden of proof being on the defendant "to show that . . . the waste was inferior to the sample and was not substantially like it" was proper, if there were evidence to go to the jury on the question of whether appellant accepted the property, and its remedy, if it had any, was limited to reducing respondent's claim by the difference between the contract price and the fair market value of the cotton.

The rule counsel for appellant contends for, citing *Grenawalt v. Roe,* 136 Wis. 501, 117 N. W. 1017, applies where

there has not been an acceptance of the property tendered on the contract of purchase. That there was such acceptance in this case, so, at least, as to pass title and preclude rescission, the trial court might well have considered conclusive and so taken that question from the jury. Appellant, after having made an inspection of one bale, selected as a sample of the whole shipment, made no complaint as to the quality not being up to contract. The conduct of appellant for some five weeks thereafter is consistent only with the theory that it had accepted the goods; but found the same unsuitable for use with its machinery.

Where goods are tendered on contract with express or implied warranty, the buyer must within a reasonable time notify the seller that they are not accepted at all on such contract or be precluded from the defense of rescission, and notify the seller that they are not accepted as satisfying the contract, or be precluded from defending against an action for the purchase price on the ground that such goods do not satisfy the calls of the agreement. *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 81 N. W. 136; *Northern S. Co. v. Wangard,* 117 Wis. 624, 94 N. W. 785; *H. McCormick L. Co. v. Winans,* 126 Wis. 649, 105 N. W. 945; *Forster, W. Co. v. F. MacKinnon Mfg. Co.* 130 Wis. 281, 110 N. W. 226.

Certainly, appellant waived its right to defend against an action for the purchase price on the ground that it had not become the owner of the property by waiting five weeks after taking the same into its possession, and in the meantime, and after having used up a portion of the goods, treating the whole as its own by offering the same for sale and endeavoring to have respondent sell the same for its account. The logic of the rule that in case the goods tendered upon an executory contract are accepted so as to waive the right to reject, in an action for the purchase price the burden is upon the buyer to sustain his claim, if one be made, of breach of warranty, is plain. A party cannot be owner of the property and refuse

to pay for it as agreed upon, without showing a breach and damage. Having become the owner and remained such, because the seller will not accept rescission and the buyer has forfeited his right thereto, *prima facie,* he is answerable for the agreed price.

No objection is made to that part of the instructions as regards its being sufficient, in the circumstances of the case, if the quality of the goods was substantially up to the sample. The instruction was proper, at least as applied to the facts of the case. Such being the situation it seems the verdict in respondent's favor cannot be disturbed. There was very definite evidence that while some of the stock was inferior to the sample, some was better, and that, in trade dealings respecting such property, it is not to be expected that every bale will be equal to the sample; that if some are above and some below; but, on the whole, the lot averages with the sample, it is to be regarded as substantially equal thereto. The question in respect to the matter was one of fact. The manner of its submission to the jury, except the feature respecting the burden of proof, is not complained of. Therefore it is considered that the judgment must be affirmed.

*By the Court.*—So ordered.