Rhein v. Burns, 162 Wis. 309.

RHEIN, Appellant, vs. BURNS and another, Respondents.

*January 12—February 1, 1916.*

*Contracts: Construction: Ambiguity: Sale or contract for work: Acceptance: Questions for jury: Special verdict: Omissions: Finding by court, when presumed: Instructions to jury: Damages: Remission of part: Appeal: Disposition of case.*

1. Whether the contract under which plaintiff made for defendants a "winding machine" for absorbent cotton and which, it was conceded, called for a weigher device as well as a winding device, called also for a header device (which plaintiff in fact furnished) as a constituent part of the machine, is *held* upon conflicting evidence to have been a question for the jury.

2. In an action for a balance due on such contract, defendants having counterclaimed for damages, and the court having charged the jury that if they answered "no" to a question as to whether the machine satisfied the guaranty in the contract they need not answer a question as to whether there was a breach by plaintiff of the contract in respect to furnishing information as to putting up and packing the absorbent cotton, it was error to instruct the jury that if they answered either of those questions in favor of defendants they should include in their assessment of damages, in addition to the down payment of $100 made by defendants, all loss which defendants sustained as a proximate result of plaintiff's failure to comply with either or both of said provisions of the contract.

3. The jury having acted in accordance with such instruction and made no answer to the second question, and it being impossible to determine how much of the damages assessed was for the breach covered by the unanswered question, the judgment for defendants is reversed unless they elect to take judgment for $100 only, the amount which they had paid on the contract.

4. The contract, by which plaintiff guaranteed "to make a machine that will wind absorbent cotton in a satisfactory manner," etc., was a contract for doing the work of making the machine, not for the sale and delivery of property.

5. No request having been made for submission of a question as to whether defendants accepted the machine as satisfying the guaranty, and there being evidence which would reasonably support a finding that they had not, the trial court must be presumed to have determined that question in favor of defendants, for whom judgment was rendered on their counterclaim.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action to recover on contract. Plaintiff claimed a balance due of $200 for installing a winding machine in the *Janesville Batting Mills,* for putting up for the trade absorbent cotton. Defendants defended upon the ground of breach of contract and counterclaimed on such ground for damages.

As a result of some negotiations between defendant *Burns* and plaintiff regarding the installation of a winding machine in the mill of the defendant *Janesville Batting Mills* a written contract was made as follows:

"Contract made between *J. A. Rhein* of Chicago and *T. P. Burns* of Janesville, February 3, 1912. This is to certify that I guarantee to make a machine that will wind absorbent cotton in a satisfactory manner for the trade generally and to give all the information about putting up the same, papering, boxing, and packing it for the sum of three hundred ($300) dollars, one hundred ($100) down and one hundred ($100) dollars in thirty days after we get the same to work satisfactory and the other one hundred ($100) dollars in sixty days after we get the same to work satisfactory.

"J. A. RHEIN.
"T. P. BURNS."

The down payment was made and plaintiff constructed a machine consisting of a weigher device, a header device, and a winding device, and the same was put in operation. There was evidence tending to prove that the machine called for by the contract required the three features, and evidence tending to prove that it required only the weighing and winding device. Plaintiff conceded that he was bound by the contract as to the last two features, but not as to the header device. There was evidence tending to prove that the guaranty contained in the contract was not satisfied and that the machine was not accepted by defendants. There was also evidence tending to prove that there was a breach of the contract as regards giving defendants all the information necessary about

putting up absorbent cotton, papering, boxing, and packing the cotton in a manner satisfactory to the general trade, and evidence as to damages in respect to both matters. There was also evidence tending to prove the contrary of both of defendants' claims.

The court submitted the cause to the jury for a special verdict, instructing that the first question, covering the subject of whether the machine satisfied the guaranty, should be answered, taking into consideration the evidence in respect to whether the header device was a constituent part of the machine contracted for, that if they answered the first question in favor of the defendants, not to' answer the second, covering the subject of breach of that part of the contract in regard to instructions, and if they answered either the first or second question in favor of the defendants, they should answer the third question, covering the subject of damages, and to include, in addition to the $100 paid on the contract, all loss which defendants sustained as a proximate result of the failure to comply with either or both of the provisions of the contract, to the extent such loss could not have been avoided by the exercise of ordinary care and business prudence on the part of the defendants. In response thereto, the jury found that plaintiff did not make for defendants a machine that would wind absorbent cotton in a satisfactory manner for the trade, left the question as to breach of the contract respecting furnishing information for putting up absorbent cotton and papering, boxing, and packing it, unanswered, and assessed the defendants' damages at $300.

There was a motion for a new trial on behalf of plaintiff, made and denied, and exceptions taken to each denial and to some features of the instructions, and in respect to other matters which, so far as necessary, will be referred to in the opinion.

Judgment was rendered in favor of the defendants on the verdict and plaintiff appealed.

For the appellant there was a brief by *Richardson & Dunwiddie,* and oral argument by *M. P. Richardson.*

For the respondents there was a brief by *J. J. Cunningham,* attorney, and *Geo. G. Sutherland,* of counsel, and oral argument by *Mr. Sutherland.*

MARSHALL, J. The court instructed the jury in respect to the question as to whether plaintiff made for defendants a machine that would wind absorbent cotton in a satisfactory manner for the general trade, that they should determine from the evidence whether the machine agreed upon included a header device as a constituent part of it, and answer the question in view of their determination in that respect.

It is contended that the instruction referred to was erroneous as there was no evidence that the contract called for a machine including a header device. True the direct evidence was substantially as counsel for appellant claims, yet there was no controversy but what the winding machine mentioned in the agreement was not a mere winding device. It was conceded, on the trial, that the machine included a weigher device, and there was ample evidence showing that the header device, weigher device, and winding device were essential features of a complete machine for doing the work contemplated, and that plaintiff set up the machine with such three features as if the contract covered each as a constituent part of the entirety, denominated a winding machine. The term "winding machine" appears clearly ambiguous when it is conceded that it is more than a mere winding device. Upon the evidence, direct and circumstantial, it is considered that the trial court did not err in giving the instructions complained of.

It is further contended that the court erred in instructing the jury that in case of their finding the contract was breached, either in respect to making the machine agreed upon or in respect to giving information about putting up ab-

sorbent cotton in a manner satisfactory to the trade, to in-
clude, in answering the question covering the subject of dam-
ages, the down payment of $100 with interest and "all loss
which the defendants sustained as a proximate result of the
plaintiff's failure to comply with either or both of the pro-
visions of the contract embraced in the first and second ques-
tions, to the extent to which such loss could not have been
avoided by the exercise of ordinary care and business pru-
dence on the part of the defendants."

As indicated in the statement, the court instructed the jury
not to make any answer to the question covering the subject
of whether plaintiff breached the contract respecting furnish-
ing information, in case of their finding that it was breached
in respect to making the machine so as to satisfy the guar-
anty, and that no answer was given to the second question.

We are unable to understand why the jury were instructed
to assess damages for breaching the contract as to both fea-
tures in case of their finding there was a breach as to one.
It seems there was a plain error at this point, as counsel for
appellant contend, and that it is impossible to determine
how much of the $300 of damages found was attributed by
the jury to the feature covered by the unanswered question.

It is further contended that the court erred in not ordering
judgment in plaintiff's favor upon the ground that defend-
ants accepted the machine by using it and by failing to give
notice within a reasonable time of its rejection as not satisfy-
ing the guaranty.    Such contention and others are grounded
on the theory that there was a sale and delivery of property
which is not the case.    The contract was for doing the work
of making a machine for respondents, not for the sale and de-
livery of property within the rule applied in *Oscar Smith &
Sons Co. v. Janesville Batting Mills,* 150 Wis. 528, 137 N.
W. 966, cited to our attention, or the rule of the Uniform
Sales statutes.

The trial court was not requested to submit a question to

the jury on the subject of whether respondents accepted the machine as satisfying the guaranty, and so the court must be presumed to have determined it, so far as it was a controverted matter of fact, with all the effect of a jury finding. If there was any evidence which in any reasonable view will support it, that is sufficient. As we read the record, there is such evidence and we will rest the matter without extending the opinion by quoting the same. It may be, as contended, that the evidence of *Burns,* who testified on the subject on behalf of respondents, is somewhat contradictory and that the more consistent evidence was given by plaintiff, and that the circumstances rather corroborate the latter, as contended by counsel for appellant, yet we cannot say that there is no believable evidence showing that respondents never accepted the machine as satisfying the guaranty.

What has been said seems to cover all matters presented which merit special attention. As we view the case there was no definite evidence of damages for breach of the guaranty, as to the machine, except that relating to the payment on the contract of $100. The court might have given respondents an option to take judgment for that amount, thus curing the error of directing the jury to assess damages for the fault covered by the unanswered question. We have concluded to reverse the judgment and remand the cause for a new trial, unless respondents elect in writing filed with the clerk of the trial court within twenty days after the filing of the *remittitur* with such clerk, to take judgment for $100 with interest thereon from the 3d day of February, 1912, and costs.

*By the Court.*—So ordered.