STOWELL COMPANY, Respondent, vs. SOUTH SIDE MAL-
LEABLE CASTING COMPANY, Appellant.

*December 15, 1920—January 11, 1921.*

*Sales: Evidence: Use of goods: Burden of proving unmerchant-*
*ableness of goods: Appeal: Failure of defendant to request*
*opening and closing argument.*

1. Where the only issue in an action for the purchase price of
annealing pots was whether they were merchantable, it was
proper for the jury to consider the conduct of defendant in
using them, there being evidence tending to show that pots
delivered previously were of the same kind and quality and
were used by the defendant.

2. Where the only issue submitted by a special verdict involved
the inquiry as to whether the pots delivered were in fact
merchantable, the court did not err in refusing defendant's
request to instruct that, "where goods purchased are neces-
sarily used to maintain a manufacturing plant in operation,
the use of the goods is not a waiver of the right to claim
damages if the goods were not merchantable or of the quality
contracted for," nothing going to the jury which would lead
them to believe that failure to tender back the pots was a
waiver of the defendant's right to recover damages, and the
instruction given informed the jury that no question of waiver
or tender was to be considered.

3. Where a sale of the pots constituted a sale of a recognized
commodity in the market and not a contract for pots to be
manufactured pursuant to particular specifications different
from those which constituted the marketable commodity, the
burden of showing that the articles delivered were not mer-
chantable rested on the buyer, in order to entitle him to a
reduction of the claim for the purchase price.

4. It was not prejudicial error for the court not to tender to de-
fendant, upon whom the burden of proof rested, the opening
and closing argument to the jury, where the question was not
brought to the trial court's attention and there was nothing
in the record showing affirmatively that a different determina-
tion of the issues submitted to the jury would probably have
been arrived at had the defendant opened and closed the argu-
ment.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought to recover the sum of $5,763,

with interest, which sum represents the cost of certain annealing pots alleged to have been sold and delivered by the plaintiff to defendant on or about December 21 and December 31, 1918.

Plaintiff claims that on December 21, 1918, it sold and delivered to defendant a carload of annealing pots at the agreed price of $2,766, which were received and accepted by defendant, and that on December 31, 1918, another carload of such pots at the agreed price of $2,997 were also sold and delivered to defendant and accepted by it; that under the terms of the sale the amounts became due and payable for said merchandise respectively on January 20, 1919, and on January 30, 1919; that no part thereof has been paid.

Defendant alleges that annealing pots of good and suitable material, manufactured with good workmanship, which would stand an average of upwards of thirty heats in annealing furnaces, were to be furnished; that the annealing pots in question, when subjected to an average of three heats, cracked, disintegrated, and became wholly worthless; that the pots were worth only one tenth of the agreed price, or $576.30.

The case was tried before the court and a jury. By a special verdict the jury found that the two carloads of annealing pots delivered to defendant were reasonably fit for the purpose required by defendant, and judgment for plaintiff was ordered for $6,328.97. This is an appeal from such judgment.

For the appellant there was a brief by *Edgar L. Wood,* and oral argument by *Mr. Charles F. Millman* and *Mr. Wood,* both of Milwaukee.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Doe.*

SIEBECKER, C. J. The defendant claims that the trial court committed prejudicial error in refusing to instruct the

jury as requested that "Where goods purchased are neces-
sarily used to maintain a manufacturing plant in operation,
the use of the goods is not a waiver of the right to claim
damages if the goods were not merchantable or of the
quality contracted for." The question submitted to the
jury involves the inquiry whether the annealing pots were
in fact merchantable articles. True, the language used in
framing the question asked was whether the pots were reason-
ably fit for the particular purpose for which they were sold.
Looking into the transactions of the parties as disclosed by
the uncontradicted evidence, it appears that the order for
pots in May preceding the last deliveries in December was
one for the sale of a quantity of pots to be delivered in
carload lots beginning in May and ending in December. It
was not an order for some particular articles to be manu-
factured pursuant to specifications different from those
offered as a commodity for sale in the market generally.
We think the trial court properly held that the issue sub-
mitted by the special verdict and decided by the jury involved
the inquiry whether the pots delivered by plaintiff were in
fact merchantable. In determining this question it was
proper for the jury to consider the conduct of defendant re-
specting the pots delivered in May and thereafter and used
in its business up to the time complaint was made concerning
the last two carloads involved in this case, because there was
evidence tending to show that all of the pots delivered in
May and thereafter, including the last deliveries in De-
cember, were of the same kind and quality. No question was
litigated nor submitted to the jury concerning defendant's
duty to tender back these pots so used by defendant. Nor
does the record disclose that the court permitted anything to
go to the jury which could lead them to believe that failure to
tender back the pots was a waiver of defendant's right to
recover any damages it suffered if the pots were not mer-
chantable or of the quality contracted for. Under these
circumstances it was not necessary to instruct the jury on the

points requested in the two rejected instructions, and such refusal to instruct could in no way operate to defendant's prejudice. The only defense raised by the pleading on this phase of the case was, Were the pots merchantable? The issue was a simple one and clearly submitted to the jury. The requested instructions were properly rejected by the court as not applicable to the issues submitted by the special verdict. The court's instructions sufficiently informed them that no question of waiver or tender was raised or to be considered by them. The evidence that defendant kept and used the pots was only material on the inquiry whether or not they were merchantable. If the pots were not of that quality, then defendant was entitled to recover for the loss it sustained by reason of their defective quality.

As above indicated, it is clear that the transaction of the purchase and sale of these pots constituted a sale of a recognized commodity in the market. It was not a contract for annealing pots to be manufactured pursuant to particular specifications different from those which constituted the marketable commodity. We are persuaded that the sale in question was correctly treated by the trial court as a sale of a marketable commodity of a merchantable quality. Under such a sale the burden of showing that the articles were not merchantable rests on the purchaser in an action for the recovery of the purchase price in order to entitle him to reduce the claim for the purchase price. *Oscar Smith & Sons Co. v. Janesville B. Mills,* 150 Wis. 528, 137 N. W. 966.

It is contended that it was prejudicial error for the court not to tender to defendant the opening and closing argument to the jury, since the burden of reducing the plaintiff's claim for the purchase price rested on it. Nothing is pointed out in the proceeding before the trial court to show that this question was brought to the court's attention. We fail to find anything in the record showing affirmatively that a different determination of the issues submitted to the jury would probably have been arrived at had the defendant

o'pened and closed the argument to the jury. We find no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.