HOWARD & FOSTER COMPANY, Appellant, vs. CUMMINS, Respondent.

*December 8, 1922—January 9, 1923.*

*Sales: Merchandise with seasonal demand: Time of delivery as essence of agreement: Delay in delivery: Excuse: Rescission by buyer: Waiver.*

1. Where a contract for shoes to be sold at retail, for some of which there was a seasonal demand, provided for delivery of ladies' shoes on or about February 1st and men's shoes on or about February 15th, the specified times of delivery were of the essence of the contract.

2. Shipment of the goods on March 30th was not a compliance with such a contract and was a sufficient ground for rescission by the purchaser.

3. Where such contract provided for delivery of the goods subject to business conditions, the seller, having agreed to make delivery on certain dates, cannot complain of a business condition at the time of shipment not different from that existing at the time the contract was entered into.

4. On the seller's breach of the contract by failing to make delivery before March 30th, failure of the buyer to give notice of his intended rescission before that date was not a waiver of grounds of rescission.

5. Where the buyer refused to accept the goods on account of the delayed shipment, the seller, having chosen to sue for the purchase price under the contract, must show either substantial performance or excuse for his delay.

APPEAL from a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

On November 30, 1920, the plaintiff, manufacturer and wholesaler of shoes at Brockton, Massachusetts, through its traveling salesman obtained two written orders for shoes to be sent to defendant at Platteville, Wisconsin. One such order, No. 14, was for twenty-five pairs of women's shoes, with the provision "on or about February 1st;" No. 19, for fifty-six pairs of men's shoes, "on or about February 15th." Each of these contained in bold-face type the words, "no countermands accepted after goods are cut." No. 19 alone contained, in indistinct type stamped thereon, the following: "This order becomes a contract upon its acceptance by the factory when goods are cut. Deliveries will be made subject to business conditions. Workmanship and material will be of our average factory quality and standard. No countermands or cancellation after goods are cut."

These respective orders were of different styles and lasts as taken from plaintiff's catalogue. They were to be shipped in cartons with the defendant's name thereon and with a small label, readily displaced, fixed on the inside of each pair of shoes with defendant's name. One pair was to be shipped at once and was forwarded and paid for on January 4th together with a bill for other shoes. The receipt of the order was acknowledged by a postal card from plaintiff dated December 6th. No leather was cut for these shoes until February 25th.

The goods were delivered to the railroad at Brockton, Massachusetts, on March 31, 1921, consigned to defendant.

An invoice and bill of lading was then sent to defendant. On April 8th defendant wrote to plaintiff acknowledging the receipt of the invoice on the preceding day, and stating that as he needed some of those shoes for Easter week, which had commenced March 27th, and not having received the shoes from plaintiff, he had ordered goods from Chicago and that he did not care to accept the present shipment. Plaintiff replied April 12th insisting on defendant accepting the goods, which was again refused by defendant's letter of April 14th. May 2d plaintiff again wrote defendant insisting on his accepting the goods. Defendant did not return the bill of lading but continued to refuse acceptance. The shoes were subsequently sold by the railroad company for the freight charges.

Plaintiff sued for the agreed purchase price on both orders, and upon the trial, the parties having each moved for a directed verdict, the court made his findings of fact, and as conclusions of law that time was of the essence of the contract; that defendant rightfully refused to accept the shoes because of plaintiff's failure to ship them within the time stated in the contract; and that the complaint should be dismissed. From the judgment so entered plaintiff has appealed.

For the appellant there were briefs by *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst*.

For the respondent there was a brief by *James Dolan* of Platteville and *Fiedler, Fiedler, Jackson & Boardman* and *E. C. Fiedler* of Mineral Point, and oral argument by *E. C. Fiedler*.

ESCHWEILER, J. The plaintiff contends that under the contract between the parties evidenced by the two written orders and their acceptance, there being no express language making time of the essence of such contract, there was no such default by plaintiff in the filling of the orders as war-

ranted the holding by the court that ·time was of the essence or that defendant might and did lawfully rescind. It also contends that in any event it should have been permitted to give testimony showing what were the then existing business conditions before it as a sufficient excuse for its delay and under the clause stamped on 'the face of one of the contracts, "deliveries will be made subject to business conditions."

The contract. here was for merchandise to be sold at retail, and for some of which at least there was a seasonal demand. The salesman for plaintiff was making a semi-annual visit and soliciting orders for·the spring trade. Attention was clearly given to the time element, inasmuch as for the women's shoes delivery was to be "on or about February 1st" and for the men's shoes February 15th. The circumstances attending such contracts for the sale of merchandise for retailing purposes are held to make the specified time of delivery of the essence of such contract, even though express words so declaring it to be are not used. 4 Page, Contracts (2d ed.) § 2104; *Norrington v. Wright,* 115 U. S. 188, 203, 6 Sup. Ct. 12; *Cleveland Rolling Mill v. Rhodes,* 121 U. S. 255, 261, 7 Sup. Ct. 882; *Bamberger Bros. v. Burrows,* 145 Iowa, 441, 124 N. W. 333; *Hirsch v. Isaac Joseph I. Co.* 278 Fed. 924; *Ackerman v. Santa Rosa-Vallejo T. Co.* 257 Fed. 369, 372; *Fountain City D. Co. v. Lindquist,* 22 S. Dak. 7, 12, 114 N. W. 1098; *Soper v. Creighton,* 93 Me. 564, 570, 45 Atl. 840; *Sunshine C. & S. Co. v. Roquette Bros.* 30 N. Dak. 143, 152 N. W. 359; L. R. A. 1916E, note pp. 940, 942.

The trial court, therefore, was clearly right in holding that in this particular transaction time was of· the essence, and a shipment on March 30th of goods contracted to be delivered on February 1st and February 15th was not a compliance with the contract and was sufficient ground for rescission ·by the buyer.

The contention that the delay was excusable by reason of

business conditions is ·without merit.   It appears clearly from plaintiff's evidence that such so-called business conditions of inability to keep its factory' running at full time had existed for several weeks or months prior to the giving of the order on November 30th.   It therefore had that as an existing condition at the time it entered into the contract and agreed to the shipment on the respective dates, and cannot now be heard to complain.

Plaintiff also contends that defendant waived any possible grounds for rescission by failing to give notice of such intended rescission prior to the shipment on March 30th. Plaintiff, however, had plainly breached its contract long before that date and ought not now be heard to say that defendant did not give it notice of its own default.   Furthermore, the plaintiff, having chosen to sue for the purchase price of the goods upon this contract, was bound to show either substantial performance on its part under the terms thereof or good excuse for its delay; it did neither, and therefore cannot recover.   *Libman v. Fox-Pioneer S. I. Co.* 175 Wis. 485, 492, 185 N. W. 551; *Grenawalt v. Roe,* 136 Wis. 501, 504, 117 N. W. 1017.

*By the Court.*—Judgment affirmed.