## FARMERS' LOAN & TRUST CO., Respondent, v. DE MOULIN, Appellant.

### (195 N. W. 444.)

(File No. 5118. · Opinion filed October 18, 1923.)

**1.  Pleading—Waiver—Demurrer—Pleading Over When Demurrer Sustained Waives Objection to Ruling.**

Where plaintiff's demurrer to counterclaim was sustained, and, instead of standing on the pleading, defendant answered over, he thereby abandoned his right to further challenge that ruling.

**2.  Stipulations—Depositions—Taking Deposition of Witnesses Not Named in Stipulation Held Authorized Thereby.**

A stipulation between the atorneys for taking depositions of F. "and other witnesses," authorized taking of depositions of witnesses not named.

**3.  Depositions—Trial—Part of Deposition Pertaining to Main Case May Be Read Without Reading Matters Pertaining to Rebuttal.**

Where certain parts of certain depositions covered matters pertinent to the main case, it was not error to allow them to be read without then reading those portions which pertained to rebuttal matters, when the part read did not consist of mere fragmentary excerpts.

**4.  Depositions—Evidence—Note Admissible in Evidence When Not Attached to nor Returned with Depositions When Certain that Note Was the One upon Which Suit Brought.**

Where the note in suit was not attached to nor returned with certain depositions which were necessary to prove plaintiff's case, but it was apparent from the pleadings and the evidence that the note offered in evidence was that upon which suit was brought, and which was referred to in the depositions, the trial court did not abuse its discretion in admitting it.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

Action by the Farmers' Loan & Trust Company against Ernest P. De Moulin. From judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Helm & Lewis,* of Hot Springs, for Appellant.

*P. F. Ward* and *Chas. S. Eastman,* both of Hot Springs, for Respondent.

(1)  To point one of the opinion, Respondent cited: 6 Enc. Pl. & Pr. 359; Sogn v. Keotzle, 38 S. D. 99; Schwitz v. Thomas, 38 S. D. 180; Piersen v. Minnehaha Co., 26 S. D. 462.

(2)   To point two, Appellant cited:   Rev. Code 1919, Sec. 2762; McConnel v. Marguiles, 39 S. D. 563; Babcock v. Ormsby (S. D.), 100 N. W. 759; Ashe v. Beardsley (N. D.), 69 N. W. 188; Pape v. Wright (Ind.), 19 N. E. 459-462; Smith v. Westerfield (Cal.), 26 Pac. 206; Strayer v. Wilson (Ia.), 7 N. W. 7; Donaldson v. Winningham (Wash.), 102 Pac. 877. .

Respondent cited:   Frederick Milling Co. v. Frederick Farmers' Alliance Co., 29 S. D. 335; 36 Cyc. 1285; 36 Cyc. 1291; 36 Cyc. 1292; McCormack v. Phillips, 4 Dak. 506.

(3)   To point three, Appellant cited:   Kilbourne v. Jennings, 40 Ia. 473; Bank v. Rhutassel, 67 Ia. 316, 25 N. W. 261; Prewitt v. Martin, 59 Mo. 325; Bank v. McSpedon, 15 Wis. 628; Schwartz v. Brunswick, 73 Mo. 256; Grant v. Pendery, 15 Kans. 236; Lanahan v. Lawton, 50 N. J. 276, 23 Atl. 476; Scott v. Wagon Works, 48 Ind. 76; Converse v. Miller, 14 Nebr. 190, 15 N. W. 340; Walkley v. Clarke (Ia.), 78 N. W. 70; Hill v. Sturgeon, 28 Mo. 322; State v. Rayburn, 31 Mo. App. 386; Code Civ. Pro., Secs. 2028, 2032, 2034; McArdle v. Bullock, 45 Ga. 89; Van Horn v. Smith, 59 Ia. 152; Bank of Orland v. Finnel (Cal.), 65 Pac. 976; Gussner v. Hawks (N. D.), 101 N. W. 898; Logan v. McGinnis, 12 Pac. 27, 32; Walter v. Sperry (Conn.), 44 L. R. A. (N. S.) 30; Goodman v. Merchants' Dispatch, etc., 3 Pa. Sup. Ct. 282; Hamilton Brown Co. v. Milliken (Nebr.), 86 N. W. 914; Bank v. Elevator Co., 91 N. W. 436.

Respondent cited:   Crolly v. C. G. W. R. Co., 169 Fed. 593; Bowmen v. Durant, 25 N. D. 11, 140 N. W. 728; First Natl. Bank v. Elevator Co., 11 N. D. 280, 91 N. W. 436.

(4)   To point four, Appellant cited:   Fountain City Drill Co. v. Lindquist (S. D.), 114 N. W. 1098; Shockley v. Morgan, 103 Ga. 156, 29 S. E. 694; Huston v. Roots, 30 Ind. 461.

Respondent cited:   Toby v. Oregon Pac. R. R. Co. (Cal.), 33 Pac. 350.

GATES, J.   This is an action upon a promissory note.   At the conclusion of the trial the court directed a verdict in favor of plaintiff.   From the judgment and order denying new trial defendant appeals.

[1]   It is first urged that the court erred in sustaining plaintiff's demurrer to defendant's counterclaim.   The defendant, in-

stead of standing on said pleading, answered over. He thereby
abandoned his right to further challenge the ruling complained of.
Sogn v. Koetzle, 38 S. D. 99, 160 N. W. 520.

[2] Appellant next complains of the refusal of the court
to suppress the depositions of Toy and Doerfler. A stipulation
had been entered into between the attorneys for the parties that
the depositions of Ferguson and other witnesses might be taken
at Sioux City at a time and place named. The objection is that
the names of Toy and Doerfler were not mentioned in the stipu-
lation. The words "and other witnesses" in the stipulation pre-
clude the appellant from making such objection.

[3] It is urged that the trial court erred in permitting re-
spondent's counsel to read certain parts of certain depositions
without reading the whole thereof to the jury. Counsel stated to
the trial court that the depositions covered matters pertinent to
their main case, and matters perinent only in rebuttal, and that
they desired at that time to read only those matters pertinent to
the main case. Permission was given. The part read conformed
to the offer, and did not consist of mere fragmentary excerpts.
We do not think the court erred in permitting respondent's coun-
sel to refrain from reading those portions of the depositions which
pertained to matters in rebuttal, that period in the case not hav-
ing then been reached. 18 C. J. 735.

[4] The chief argument of appellant concerns the admission
in evidence of the note in suit marked Exhibit C. It is urged that
the note was not attached to nor returned with the depositions,
and therefore that there is no proof that the note testified to and
described in the depositions is the same note that was offered in
evidence, and that without the depositions the respondent did not
prove its case. They rely upon Fountain City Drill Co. v. Lind-
quist, 22 S. D. 7, 114 N. W. 1098, wherein the court said:

"Although the statute of this state provides no special method
for identifying or making a letter or other document a part of
the deposition of a witness, it certainly must be in some manner
attached or referred to therein, or returned therewith, or be men-
tioned in the certificate of the officer before whom such deposi-
tion was taken."

It was clearly apparent to the trial court from the pleadings
and the evidence, as it is to us, that the note offered in evidence

was the note upon which suit was brought, and was, and could only have been, the note referred to in the depositions. We think the trial court did not abuse its discretion nor act arbitrarily in permitting the introduction of the note in evidence.

Finding no prejudicial error in the record, the judgment and order denying new trial are affirmed.

Note.—Reported in 195 N. W. 444. See, Headnote (1), American Key-Numbered Digest, Pleading, Key-No. 418(3), 31 Cyc. 744; (2) Stipulations, Key-No. 14(1), 36 Cyc. 1291; (3) Depositions, Key-No. 86, 18 C. J. Sec. 346; (4) Depositions, Key-No. 68, 18 C. J. Sec. 236.